■ FRANK BINETTI, Appellant, v MK WEST STREET COMPANY et al., Respondents and Third-Party Plaintiffs-Respondents and Second Third-Party Plaintiffs-Respondents. COYNE ELECTRICAL CONTRACTORS, INC., Third-Party Defendant-Respondent; R & J CONSTRUCTION CORP., Second Third-Party Defendant-Respondent. [657 NYS2d 648] —Order and judgment, Supreme Court, Bronx County (Howard Silver, J.), entered on or about November 20, 1995 and January 17, 1996, respectively, which, to the extent appealed from, dismissed plaintiff's Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, the motion to dismiss plaintiff's section 240 (1) claim denied and said claim is reinstated.

Plaintiff, a journeyman electrician, was employed by third-party defendant Coyne, an electrical subcontractor. Coyne was hired to do the electrical work on a 30-story construction project by MK West Street Company and Marson Construction Corp., the owner and general contractor, respectively. Coyne's responsibilities on the project included providing a system of temporary lighting to assist the workers on the construction site. While performing this function, plaintiff placed a ladder in a darkened room next to a bucket, which he did not see. Plaintiff climbed the ladder and placed a light bulb in the empty fixture, and while descending between the second and first rungs, his foot hit the 14-inch high bucket, causing him to fall and injure himself.

Plaintiff's Labor Law § 240 (1) cause of action should not have been dismissed since his actions herein fell within the statute's enumerated activities. Plaintiff was not merely changing a lightbulb in conjunction with ordinary maintenance activities (cf., Smith v Shell Oil Co., 85 NY2d 1000, 1002). Rather, plaintiff's duties concerning the lighting were clearly related to, and an integral part of, the construction work being accomplished by the workers at the site (see, Clemente v Grow Tunneling Corp., 235 AD2d 331; Covey v Iroquois Gas Transmission Sys., 218 AD2d 197, 198-200, affd 89 NY2d 952; see generally, Lombardi v Stout, 80 NY2d 290, 296; cf., Bermel v Board of Educ., 231 AD2d 663; Santagate v Town of Yorktown, 226 AD2d 519).

Nor does the fact that plaintiff fell only a short distance remove this incident from the purview of the statute, since falling from the bottom rung of a ladder at a construction site is the type of elevation-related risk the statute was intended to cover (see, Norton v Bell & Sons, 237 AD2d 928, 929; Guillory v

*Nautilus Real Estate*, 208 AD2d 336, *lv denied* 86 NY2d 881; *see also, Rocovich v Consolidated Edison Co.*, 78 NY2d 509). Concur—Murphy, P. J., Wallach, Mazzarelli and Andrias, JJ.