■ VINTON SIMMS, Respondent, v ELM RIDGE ASSOCIATES et al., Appellants, and C & R CHEROKEE CONSTRUCTION, INC., et al., Defendants. [686 NYS2d 469] —In an action to recover damages for personal injuries, the defendants Elm Ridge Associates and Elm Ridge Management, Inc., appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 6, 1998, which denied their motion for summary judgment dismissing the claims against them insofar as they are based on Labor Law §§ 200 and 241 (6).

Ordered that the order is affirmed, with costs.

The plaintiff was delivering a combination clothes washer-dryer weighing several hundred pounds which was to be installed in a condominium unit being constructed by the ap-

pellants. He slipped and fell, allegedly on some threaded metal rods strewn about the floor of the unit, thereby injuring himself.

Contrary to the appellants' contention, the delivery of the appliance was an integral part of the construction process. Thus, the plaintiff was properly held to be within the class of persons protected by Labor Law § 241 (6) (*see, Williams v G.H. Dev. & Constr. Co.,* 250 AD2d 959). With respect to Labor Law § 200, the plaintiff showed the existence of factual questions as to whether or not the appellants exercised sufficient supervisory control over the construction site, and as to whether or not the appellants had knowledge of the allegedly dangerous condition (*see, Samiani v New York State Elec. & Gas Corp.,* 199 AD2d 796).

The appellants' remaining contention is not properly before this Court. S. Miller, J. P., Ritter, Florio and Luciano, JJ., concur.