■ Leo R. Johnson et al., Appellants, v Joseph Rapisarda et al., Defendants and Third-Party Plaintiffs-Respondents. Buddy James, Third-Party Defendant-Respondent. [691 NYS2d 130] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated December 19, 1997, as denied that branch of their cross motion which was for summary judgment on the issue of liability on their cause of action pursuant to Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on their cause of action pursuant to Labor Law § 240 (1) is granted.

The Supreme Court erred in denying that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability under Labor Law § 240 (1). "[I]n order to be entitled to the protection of Labor Law § 240 (1), the plaintiff had to show that he was performing work necessary and incidental to the erection or repair of a building or structure" (*Shields v St. Marks Hous. Assocs.,* 230 AD2d 903, 904; *see also, Lombardi v Stout,* 80 NY2d 290; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509). Here, on the day of the accident, the injured plaintiff was ascending to the roof of the defendants' building to recover surplus roofing materials to be used at another worksite at the direction of the third-party defendant, the roofing contractor. Repair of the roof by the injured plaintiff was substantially complete, except for the removal of the surplus materials, a drain repair, flashing around the perimeter, and the application of aluminum paint. Since the removal of the surplus roofing material was necessary and incidental to the completion of the building's roof repair (*see, Lombardi v Stout, supra; Rocovich v Consolidated Edison Co., supra; Cabri v ICOS Corp.,* 240 AD2d 456; *Martin v Back O'Beyond,* 198 AD2d 479), the injured plaintiff's accident was within the purview of Labor Law § 240 (1). Furthermore, the plaintiffs established a prima facie case as to liability under Labor Law § 240 (1) with their undisputed proof that the injured plaintiff fell when the unsecured ladder which he was ascending slipped from underneath him (*see, Klein v City of New York,* 89 NY2d 833; *Bryan v City of New York,* 206 AD2d 448, 449; *Madden v Trustees of Duryea Presbyt. Church,* 210 AD2d 382). The defendants were unable to show that the failure to secure the

ladder was not a substantial factor leading to the plaintiff's injuries (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555). Bracken, J. P., Thompson, Sullivan and Friedmann, JJ., concur.