■ DONALD E. AUBRECHT et al., Respondents, v ACME ELECTRIC CORPORATION, Respondent, and L.C. WHITFORD CO., INC., Appellant and Third-Party Plaintiff-Appellant, et al., Defendant. FONTANESE FOLTS AUBRECHT ARCHITECTS, P. C., Third-Party Defendant-Respondent. [692 NYS2d 544] —Order unanimously affirmed with costs. Memorandum: Donald E. Aubrecht (plaintiff), an architect, was injured at a construction site while inspecting an interior wall soffit. He fell five or six feet when the scaffold on which he was standing collapsed. Plaintiff was vice-president of third-party defendant, which contracted with defendant Acme Electric Corporation to provide architectural design and supervision in connection with the construction of a manufacturing plant. The scaffold was owned and assembled by employees of defendant The L.C. Whitford Co., Inc. (LCW), the general contractor. Plaintiffs commenced this action alleging violations of Labor Law § 240 (1); § 241 (6) and § 200 and common-law negligence.

Supreme Court properly granted plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1) and denied that part of the cross motion of LCW for summary judgment dismissing the complaint. Plaintiff is within the class of persons for whom Labor Law § 240 (1) and § 241 (6) liability is imposed because his work was essential to the construction of a building or structure and he was employed by an entity hired by the owner for such purpose (*see, Nowak v Kiefer*, 256 AD2d 1129, *lv dismissed and denied* 93 NY2d 887; *see generally, Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577; *Lawyer v Rotterdam Ventures*, 204 AD2d 878, 879-880, *lv dismissed* 84 NY2d 864; *cf., Martinez v City of New York*, 93 NY2d 322). Plaintiffs are entitled to partial summary judgment on liability under section 240 (1) because plaintiff was injured in a fall from an elevated worksite (*see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 512-514).

With respect to the Labor Law § 200 and common-law negligence claims, LCW failed to meet its initial burden of establishing that it was not negligent in connection with the collapse of the scaffold. (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present— Green, J. P., Pine, Wisner, Hurlbutt and Balio, JJ.