(October 8, 2002)

■ TRACY ADAIR, Appellant, v BESTEK LIGHTING AND STAGING CORP. et al., Respondents. (And a Third-Party Action.) [748 NYS2d 362] —Order, Supreme Court, New York County (Michael Stallman, J.), entered January 25, 2001, which denied plaintiff's motion for partial summary judgment upon her Labor Law § 240 (1) claim, modified, on the law and upon a search of the record pursuant to CPLR 3212 (b), to grant summary judgment dismissing plaintiff's Labor Law § 240 (1) claim, and otherwise affirmed, without costs.

Plaintiff, a stagehand, was focusing overhead lights above a temporary stage in preparation for a performance when the "man-lift" on which she was standing fell over. It is undisputed that, at the time of this accident, the lights plaintiff was focusing were already fully installed, and that all other construction work on the stage had been completed. As a matter of law, plaintiff's activity at the time of her injury did not constitute "erection" or "altering" of a structure within the meaning of Labor Law § 240 (1), since it involved no "*significant* physical change to the configuration or composition of the * * * structure" (*Joblon v Solow*, 91 NY2d 457, 465).

Plaintiff's work cannot be brought within the scope of the statute by deeming it "integral," "necessary" or "incidental" to the erection of the stage. The Court of Appeals, in holding that "the task in which an injured employee was engaged must have been performed during 'the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure'" in order to fall within the statute (*Martinez v City of New York*, 93 NY2d 322, 326), has expressly rejected an "integral and necessary" test as "improperly enlarg[ing] the reach of the statute beyond its clear terms" (*id.*). Thus, as we implicitly recognized in *Petermann v Ampal Realty Corp.* (288 AD2d 54, 55), we should not use such an analysis to bring within the statute nonconstruction activity incidental to construction work. Because it was precisely this now-obsolete theory that was relied upon in the Appellate Division decisions cited by the dissent (*see Aubrecht v Acme Elec. Corp.*, 262 AD2d 994; *Johnson v Rapisarda*, 262 AD2d 365; *Binetti v MK W. St. Co.*, 239 AD2d 214), those decisions should no longer be followed.[1]

---

1. Even if the "necessary and integral" analysis rejected by *Martinez* were still permissible, the focusing of already installed stage lights in preparation for a performance on a fully constructed stage (as opposed, for example, to focusing lights for the purpose of illuminating construction activity) could

Although the dissent strains to make it appear otherwise, the fact remains that the dissent's conclusion that the light-focusing activity here at issue was covered by Labor Law § 240 (1) stands or falls with the "necessary and integral" doctrine. There is no other way to bring the activity in question within the scope of the statute. Therefore, because the "necessary and integral" doctrine was rejected by the Court of Appeals in *Martinez*—as the dissent appears to acknowledge—plaintiff's cause of action based on the statute cannot logically be sustained. As purported justification of its refusal to accept this result, the dissent simply mischaracterizes the work plaintiff was performing when she was injured as "completing the construction of the stage," and as "completing the installation of the lighting system." The dissent does not identify any evidentiary basis in the record for these characterizations for the simple reason that no such basis exists.[2]

The dissent does not, and could not, assert that the activity in question—focusing already-installed stage lights in preparation for a performance—generally comes within the scope of the statutory language as construed by the Court of Appeals (*see Joblon v Solow, supra*). Instead, the dissent apparently takes the position that this activity, although not otherwise covered by the statute, is covered in this particular instance because (1) plaintiff engaged in the activity shortly after the structure was erected, and (2) the activity was in preparation for the sole intended use of the structure. By this reasoning, if the stage had been erected to be used for two performances, focusing the lights in preparation for the *first* performance would be a covered activity, but the very same activity, when done in preparation for the *second* performance, would not be covered. In our view, this result is neither logical nor faithful to the intent of the Legislature.

---

not be viewed as an "integral" part of the construction of the stage, or as "necessary and incidental" thereto.

2. The dissent's attempt to distinguish *Martinez* on the ground that an activity "enumerated [by the statute] * * * was underway at the time plaintiff [in this action] was injured" is based on circular reasoning, since the only apparent basis for this statement is the dissent's mischaracterization of plaintiff's light-focusing activity as the "complet[ion]" of the erection of the stage. The record establishes that, at the time of plaintiff's accident, the erection of the stage, including the installation of the lights, was complete. Further, since plaintiff simply was not engaged in any activity covered by the statute at the time of her accident, it is irrelevant that employees of the same company that employed her erected the stage. In any event, we do not view the *Martinez* decision's reference either to the timing of the plaintiff's injury, or to the scope of the plaintiff's employer's activities, as limiting the import of the decision's repudiation of the "necessary and integral" analysis.

In sum, the only way to sustain plaintiff's claim under section 240 (1), is to do precisely what the Court of Appeals warned against in *Martinez*, namely, "strain[ing] [the statutory language] in order to encompass what the Legislature did not intend to include" (93 NY2d at 326, quoting *Martinez v City of New York*, 252 AD2d 545, 546, *affd* 93 NY2d 322, quoting *Karaktin v Gordon Hillside Corp.*, 143 AD2d 637, 638). We decline to rewrite the statute in disregard of this admonition, and therefore conclude that plaintiff's claim under Labor Law § 240 (1) should be dismissed. Concur—Williams, P.J., Andrias and Friedman, JJ.

Nardelli and Mazzarelli, JJ., dissent in a memorandum by Mazzarelli, J., as follows: I would reverse the order appealed, and grant plaintiff's motion for partial summary judgment upon her Labor Law § 240 (1) claim.

On the date of this incident, plaintiff, a stagehand, was employed to provide general assistance in the construction of a temporary stage with overhead lighting. The vice-president of the company that employed plaintiff testified at his deposition that stagehands are hired to do a number of different jobs, that they can have designations as electricians, carpenters or riggers, and that "everyone did a little bit of everything." At her deposition, plaintiff reiterated that she would be called by her employer when there was a project to be staffed, and that her employer would tell her "where to show up [and whether she would] be a carpenter or electrician or a rigger."

The project on which plaintiff was working on the day of her accident was the construction of a temporary stage, created exclusively for an individual concert at Wollman Rink. On the last day of the three-day construction project, plaintiff was in a "man-lift" machine, focusing over 100 stage lights, when the lift fell over, causing her injuries. These machines are generally installed with four outriggers at their base to provide lateral support, and it is undisputed that there were no outriggers on the instant machine. Further, plaintiff was not provided with any other safety device which would have prevented her fall.

Since the job of focusing the lights was a required step in the construction of the temporary stage, plaintiff is entitled to the protections afforded by Labor Law § 240 (1). *Binetti v MK W. St. Co.* (239 AD2d 214) is instructive. In that case, plaintiff was an electrician who was hired to aid in a project of "providing a system of temporary lighting to assist the workers on the construction site." (*Id.* at 214.) At the time of injury in *Binetti*, plaintiff was screwing a light bulb into a previously installed

socket. We upheld a Labor Law § 240 (1) claim, concluding that, "[p]laintiff was not merely changing a lightbulb in conjunction with ordinary maintenance activities (*cf., Smith v Shell Oil Co.*, 85 NY2d 1000, 1002). Rather, plaintiff's duties concerning the lighting were clearly related to, and an integral part of, the construction work being accomplished by the workers at the site (*see, Clemente v Grow Tunneling Corp.*, 235 AD2d 331; *Covey v Iroquois Gas Transmission Sys.*, 218 AD2d 197, 198-200, *affd* 89 NY2d 952 \* \* \*)." (*Id.*) Like putting bulbs in the sockets in *Binetti*, focusing the par can lights was part of the construction of the instant stage. After the sockets were mounted in *Binetti*, they had to be fitted with light bulbs. After the more than 100 lights were installed here, they had to be directed to illuminate the stage.

Plaintiff was not making focusing adjustments to pre-mounted lights on a permanent stage, to prepare, for example, for a concert at Carnegie Hall. Plaintiff was a member of a team that was assembling a stage that would be used once. This was a three-day construction project, and there is no useful distinction, under the facts presented, between the erection of this structure and the preparation for its use. While cognizant that there are limits to the protective ambit of Labor Law § 240 (1), a construction project is not completed until all of the required details are finished.

Two other illustrations of activity conducted as part of the completion of a project, considered within the ambit of Labor Law § 240 (1), are *Aubrecht v Acme Elec. Corp.* (262 AD2d 994) and *Johnson v Rapisarda* (262 AD2d 365). In *Aubrecht*, the Court found that Labor Law § 240 (1) covered injuries suffered by an architect who was doing an inspection of an interior wall soffit at a construction site. In *Johnson*, the Court found that section 240 (1) covered injuries suffered by a plaintiff who was removing surplus materials after a roof repair "was substantially complete." (*Id.* at 365.) Here, as in the cited cases, plaintiff's activity at the time of the accident was a required activity for completion of the project, and fell within the scope of Labor Law § 240 (1).

Contrary to defendants' contentions, these facts cannot be analogized to cases where a plaintiff was involved in activity deemed either the routine maintenance or a minor alteration of a permanent structure (*see Joblon v Solow*, 91 NY2d 457). Because it is undisputed that the improperly secured machinery tipped while plaintiff was completing the construction of the stage, summary judgment pursuant to Labor Law § 240 (1) is appropriate.

Contrary to the majority, I see no similarity between the pertinent facts of this case and those presented to the Court of Appeals in *Martinez v City of New York* (93 NY2d 322). In *Martinez*, the plaintiff was an environmental inspector who was injured during the first phase of a two-phase project to inspect school buildings for asbestos problem areas. The plaintiff's duties were to "locate, identify and catalog asbestos" (*Martinez, supra* at 324). The Court of Appeals found that the plaintiff's work was not covered by Labor Law § 240 (1), because it "was merely investigatory, and was to terminate prior to the actual commencement of any subsequent asbestos removal work" (*id.* at 326). The Court concluded that "none of the activities enumerated in the statute was underway," (*id.*) and it noted that future repair work would not even be conducted by the plaintiff's supervisor, but by some other entity.

In dicta in *Martinez* (93 NY2d 322, 326), the Court of Appeals rejected prior analyses of Labor Law § 240 (1) cases based upon whether "plaintiff's work was an 'integral and necessary part' of a larger project within the purview of section 240 (1)." Contrary to the majority's understanding, this analysis is not required to conclude that the instant plaintiff is a covered employee entitled to the protections afforded by Labor Law § 240 (1). Unlike the plaintiff in *Martinez*, who was injured while inspecting a site to see if it contained asbestos, here plaintiff was completing the construction of the stage. In *Martinez*, the Court found it decisive that the plaintiff was not employed by a company that did, or would ever do, the asbestos removal project. The Court specifically stated that should an asbestos removal project be recommended by his inspection, another company would be hired to do this work (*id.* at 325). Because the *Martinez* plaintiff was " 'not a person "employed" to carry out the repairs as that term is used' in section 240 (1)," the Court of Appeals held that his job did not entitle him to protection under the statute (*see Martinez, supra* at 326, quoting *Gibson v Worthington Div. of McGraw-Edison Co.*, 78 NY2d 1108, 1109). The Court warned that the statutory language "must not be strained in order to encompass what the Legislature did not intend to include" (*id.* at 326 [internal quotations omitted]).

No such expansion is at issue here. The work performed by plaintiff falls directly under the language of the statute. Erection of a temporary stage, an enumerated activity (*see* Labor Law § 240 [1]), was underway at the time plaintiff was injured, the task had not been completed, and plaintiff's work, complet-

ing the installation of the lighting system, is within the contemplated ambit of Labor Law § 240 (1) (*see Campisi v Epos Contr. Corp.*, 299 AD2d 4).