■ JERRY CIESIELSKI, JR., et al., Respondents, v BUFFALO INDUSTRIAL PARK, INC., Appellant, et al., Defendant. (Appeal No. 1.) [750 NYS2d 246] —Appeal from those parts of an order of Supreme Court, Erie County (Whelan, J.), entered August 16, 2001, that, inter alia, denied the motion of defendant Buffalo Industrial Park, Inc. for summary judgment dismissing the complaint against it.

It is hereby ordered that the appeal from the order insofar as it granted plaintiffs' cross motion be and the same hereby is unanimously dismissed (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985) and the order is modified on the law by granting in part the motion of defendant Buffalo Industrial Park, Inc. seeking summary judgment and dismissing the Labor Law § 240 (1) cause of action against it and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Jerry Ciesielski, Jr. (plaintiff) when he fell from a ladder. Buffalo Industrial Park, Inc. (defendant) moved for summary judgment dismissing the complaint against it and plaintiffs cross-moved for partial summary judgment on liability on the Labor Law § 240 (1) cause of action. By its order in appeal No. 1, Supreme Court denied the motion and granted the cross motion. Defendant then moved for leave to renew with respect to the cross motion only. By its order in appeal No. 2, the court granted leave to renew but, upon renewal, refused to vacate that part of its prior order granting the cross motion.

Although the court did not abuse its discretion in granting defendant's motion for leave to renew, it erred in refusing to vacate that part of its prior order granting the cross motion seeking partial summary judgment on liability on the Labor Law § 240 (1) cause of action and in initially denying that part of the motion of defendant for summary judgment dismissing that cause of action against it. Plaintiff was injured while taking measurements for the proposed installation of a racking system in a warehouse leased by his employer from defendant. It is undisputed that the racking system was installed several months later by a company other than plaintiff's employer. Thus, because plaintiff was not injured "during 'the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure,'" Labor Law § 240 (1) does not apply (*Martinez v City of New York,* 93 NY2d 322, 326). We reject plaintiffs' contention that Labor Law § 240 (1) applies because plaintiff's work was an "essential part of the construction process." That analysis "improperly enlarges the reach of the statute beyond its clear terms" inasmuch as the work was performed as part of the merely proposed installation of the racking system, at a time when "none of the activities enumerated in the statute was underway" (*Martinez,* 93 NY2d at 326).

The court properly denied that part of the motion of defendant for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action against it. Defendant contends that it exercised no supervision or control over the installation of the racking system and thus cannot be held liable under Labor Law § 200 or for common-law negligence. There is a distinction, however, "between those cases in which the injury was caused by the defective condition of the premises and those in which the injury was the result of a defect not 'in the land itself but in the equipment or its operation' (*Nagel v Metzger,* 103 AD2d 1, 8)" (*Miller v Wilmorite, Inc.,* 231 AD2d

843, 843). Here, plaintiffs allege that the fixed ladder from which plaintiff fell was defective, and that the ladder constituted a defective condition of the premises. Defendant failed to meet its initial burden of establishing that it "took 'reasonable care and prudence in securing the safety of the work area' " and that it lacked actual or constructive notice of the condition and did not create the condition (*Sponholz v Benderson Prop. Dev.*, 273 AD2d 791, 793; *see Gambee v Dunford,* 270 AD2d 809, 810).

We therefore modify the order in appeal No. 1 by granting in part the motion of defendant seeking summary judgment and dismissing the Labor Law § 240 (1) cause of action against it, and we modify the order in appeal No. 2 by vacating that part of the order in appeal No. 1 granting plaintiffs' cross motion and by denying plaintiffs' cross motion. Present—Green, J.P., Hayes, Hurlbutt, Gorski and Lawton, JJ.