JAMES J. MCMAHON et al., Respondents, v H S M PACKAGING CORPORATION et al., Appellants. H S M PACKAGING CORPORATION, Third-Party Plaintiff, v HEALY PLUMBING & HEATING, INC., Third-Party Defendant-Appellant. [755 NYS2d 186] —Appeals from an order of Supreme Court, Onondaga County (Nicholson, J.), entered September 27, 2001, which, inter alia, granted in part plaintiffs' cross motion seeking partial summary judgment on liability on the Labor Law causes of action.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by denying that part of plaintiffs' cross motion seeking partial summary judgment on liability under Labor Law § 240 (1) against defendants H & S Realty Company, Homer Martin and Sheila Martin, individually and as general partners of H & S Realty Company, and Myriad Construction, Inc. and by granting in part the respective motion and cross motion of defendants seeking summary judgment and dismissing the Labor Law § 240 (1) causes of action and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in granting that part of plaintiffs' cross motion seeking partial summary judgment on liability on the Labor Law § 240 (1) causes of action against defendants H & S Realty Company (H & S Realty), Homer Martin and Sheila Martin, individually and as general partners of H & S Realty (Martins), and Myriad Construction, Inc. (Myriad). In addition, the court erred in denying those parts of the respective motion and cross motion of defendants seeking summary judgment dismissing the section 240 (1) causes of action. James J. McMahon (plaintiff), the president of a plumbing, heating, ventilation and air conditioning (HVAC) corporation, entered into a contract to provide the necessary plumbing and HVAC work to service a new printing press installed by

Myriad, the general contractor, for defendant H S M Packaging Corporation (H S M). On the day of his fall, plaintiff had been installing pipes in the basement level of a building leased by H S M from H & S Realty. Myriad's project coordinator asked plaintiff to assist him in inspecting potential sites on the roofs of H S M's three adjoining buildings for the future location of a condenser unit for the new press. The two men climbed an extension ladder to the adjoining roofs, and plaintiff fell from one of the roofs while attempting to determine whether it might be a suitable location for the condenser unit. Under the circumstances of this case, we agree with defendants that the mere inspection of a potential construction site does not fall within the categories of work enumerated in section 240 (1) (*see Martinez v City of New York,* 93 NY2d 322, 326).

Plaintiffs describe the nature of plaintiff's activity at the time of the accident as a site inspection performed before or during construction work, which they contend comes within the ambit of section 240 (1) (*see Reisch v Amadori Constr. Co.,* 273 AD2d 855, 856; *Aubrecht v Acme Elec. Corp.,* 262 AD2d 994). However, the Court of Appeals has explicitly rejected analysis that "focuse[s] on whether plaintiff's work was an 'integral and necessary part' of a larger project within the purview of section 240 (1)" (*Martinez,* 93 NY2d at 326). Indeed, the Court wrote that "[s]uch a test improperly enlarges the reach of the statute beyond its clear terms" (*id.*). The plaintiff worker's employer in *Martinez* was hired to locate asbestos in school buildings and to mark it for removal. The Court determined that, "[w]hile the reach of section 240 (1) is not limited to work performed on actual construction sites * * *, the task in which an injured employee was engaged must have been performed *during* 'the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure.' * * * [P]laintiff's work as an environmental inspector during phase one [of a two-phase project] was merely investigatory, and was to terminate prior to the actual commencement of any subsequent asbestos removal work" (*id.* [emphasis added]). Here, as in *Martinez,* the activity in which plaintiff was engaged at the time of his fall was merely investigatory, i.e., it entailed merely planning for future construction work, before defendants had the incentive to install safety devices (*see generally Ciesielski v Buffalo Indus. Park,* 299 AD2d 817). Plaintiff's work did not take place during the "erection, demolition, repairing, [or] altering * * * of a building or structure" (§ 240 [1]), nor did it involve any such activities. Thus, plaintiff was not "a person employed to carry out the [construction work] as that term is used in section 240

(1)" (*Martinez*, 93 NY2d at 326 [internal quotation marks omitted]; *see also Adair v Bestek Light. & Staging Corp.*, 298 AD2d 153).

We therefore modify the order by denying that part of plaintiffs' cross motion seeking partial summary judgment on liability under Labor Law § 240 (1) against H & S Realty, the Martins and Myriad, and by granting in part the respective motion and cross motion of defendants seeking summary judgment and dismissing the section 240 (1) causes of action.

All concur except Kehoe and Burns, JJ., who dissent in part and vote to affirm in the following memorandum.

Kehoe and Burns, JJ. (dissenting in part). We respectfully disagree with the majority that *Martinez v City of New York* (93 NY2d 322) is controlling here, and we therefore would affirm. The Court of Appeals in *Martinez* specified that, at the time the plaintiff worker was injured, "none of the activities enumerated in the statute was underway, and any future repair work would not even be conducted by * * * [his] supervisor" (*id.* at 326; *see Caraciolo v 800 Second Ave. Condominium*, 294 AD2d 200, 202 [First Department noted that the plaintiff worker in *Martinez* was "an environmental inspector whose job it was to inspect the premises to determine the presence of asbestos in advance of any possible corrective measures"]; *see also Campisi v Epos Contr. Corp.*, 299 AD2d 4). We believe that the majority's reliance on *Ciesielski v Buffalo Indus. Park* (299 AD2d 817) is misplaced. As in *Martinez,* the plaintiff worker in *Ciesielski* was injured at a time when none of the activities enumerated in Labor Law § 240 (1) was taking place. In fact, the plaintiff worker in *Ciesielski* was injured while taking measurements for the proposed installation of a racking system that was installed several months later by a company other than his employer. Here, however, the inspection by James J. McMahon (plaintiff) of a potential construction site was within the general scope of the project for which plaintiff's company was hired, and the inspection was essential to the project. Thus, we conclude that plaintiff was engaged in an activity within the protection of Labor Law § 240 (1) when he was injured. Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Burns, JJ.