SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**309**

**CA 13-01437**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND WHALEN, JJ.

---

JAMES FOOTS, PLAINTIFF-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CONSOLIDATED BUILDING CONTRACTORS, INC.,
DEFENDANT-RESPONDENT,
60 GRIDER STREET LLC,
DEFENDANT-APPELLANT-RESPONDENT,
AND ROLLINS CONSTRUCTION MANAGEMENT, INC.,
DEFENDANT.

---

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (VICTOR ALAN OLIVERI OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

LOSI & GANGI, BUFFALO (HARRY G. MODEAS, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

GOLDBERG SEGALLA LLP, BUFFALO (ALBERT J. D'AQUINO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered November 15, 2012 in a personal injury action. The order, among other things, denied the motions of defendant 60 Grider Street LLC for summary judgment and denied the motion of plaintiff for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant 60 Grider Street LLC (60 Grider) appeals from an order denying its motion for summary judgment seeking to dismiss plaintiff's common-law negligence cause of action and Labor Law §§ 200, 240 (1), and 241 (6) claims, and denying its motion for summary judgment on its cross claims against defendant Consolidated Building Contractors, Inc. (Consolidated) seeking a conditional order of contractual and common-law indemnification. Plaintiff cross-appeals from the same order, which denied his motion for partial summary judgment on the issue of liability against 60 Grider with respect to his Labor Law § 240 (1) claim, and granted Consolidated's motion for summary judgment with respect to his Labor Law §§ 200, 240 (1), and 241 (6) claims.

This case arose out of injuries plaintiff sustained when he drove a forklift over a plywood-covered pit, constructed by Consolidated, in

the floor of a building owned by 60 Grider during the course of his employment with the lessee, Sodexho, a commercial laundry business. Pursuant to the lease agreement, 60 Grider was responsible for making structural improvements and repairs to the long-vacant and dilapidated building, and Sodexho was responsible for installing the equipment it needed to operate an industrial laundering facility. 60 Grider hired defendant Rollins Construction Management, Inc. (RCM) to manage the renovation project, and subcontracted with Consolidated to construct four large pits, approximately 10 feet deep, 6 feet wide, and 10 feet long, in the floor of the facility at Sodexho's direction, to serve as repositories for linens. Sodexho began its laundering operations during the renovation project, and the absence of a suspended "monorail system" required Sodexho employees to manually push large laundry carts across the facility. It was therefore necessary to cover the pits until the monorail system was installed. Following consultation with Sodexho representatives, Consolidated constructed wooden frames that it placed in the pits and then covered with three-quarter-inch plywood, which was flush with the floor.

We reject 60 Grider's contention that Supreme Court erred in denying its motion for summary judgment with respect to the Labor Law § 200 claim. Labor Law § 200 "is not limited to construction work," and we conclude that the statute encompasses plaintiff's normal duties as part of Sodexho's maintenance staff (*Jock v Fien*, 80 NY2d 965, 967). Inasmuch as plaintiff's section 200 claims relate to an allegedly defective or dangerous condition of the work site, 60 Grider was required to establish that it did not control the work site and that it lacked actual or constructive notice of the condition (*see Miller v Savarino Constr. Corp.*, 103 AD3d 1137, 1138; *Ferguson v Hanson Aggregates N.Y., Inc.*, 103 AD3d 1174, 1175; *Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1349). 60 Grider failed to meet its burden with respect to either issue in its submissions. Indeed, our review of the record establishes that there is "a question of fact . . . whether [60 Grider], through its agent, [RCM], exercised control over the work site and had notice of the allegedly dangerous condition, thereby precluding summary judgment" to 60 Grider (*Samiani v New York State Elec. & Gas Corp.*, 199 AD2d 796, 797; *cf. Miller*, 103 AD3d at 1138-1139; *see generally Simms v Elm Ridge Assoc.*, 259 AD2d 538, 539). Because there is an issue of fact whether 60 Grider had actual or constructive notice of the dangerous condition, the court also properly denied its motion with respect to plaintiff's common-law negligence cause of action (*see Verel v Ferguson Elec. Constr. Co., Inc.*, 41 AD3d 1154, 1156).

Contrary to the contentions of both plaintiff and 60 Grider, the court properly denied their respective motions for summary judgment with respect to the Labor Law § 240 (1) claim because there are issues of fact whether plaintiff was engaged in an activity covered by that section. To fall under the protection of Labor Law § 240 (1), "the task in which an injured employee was engaged must have been performed *during* 'the erection, demolition, repairing, [or] altering . . . of a building or structure' " or must have "involve[d] . . . such activities" (*McMahon v HSM Packaging Corp.*, 302 AD2d 1012, 1013,

quoting *Martinez v City of New York*, 93 NY2d 322, 326).  Here, the parties' submissions raise an issue of fact whether plaintiff himself was "altering" or making a "*significant* physical change to the configuration or composition of the building or structure" at the time of his injury (*Joblon v Solow*, 91 NY2d 457, 465).  Specifically, the record is unclear whether plaintiff was in the process of simply moving a "towel folder," which would not afford him the protection of section 240 (1) (*see generally Bodtman v Living Manor Love, Inc*., 105 AD3d 434, 434; *Zolfaghari v Hughes Network Sys., LLC*, 99 AD3d 1234, 1235, *lv denied* 20 NY3d 861; *Maes v 408 W. 39 LLC*, 24 AD3d 298, 300, *lv denied* 7 NY3d 716), unless that activity "was . . . ancillary" to the ongoing renovation work (*Gallagher v Resnick*, 107 AD3d 942, 944; *see Scally v Regional Indus. Partnership*, 9 AD3d 865, 867, citing *Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881; *see also Simms*, 259 AD2d at 538-539); or, whether he was removing an old machine weighing approximately 1,000 pounds and then installing and securing to the cement floor a new machine as a replacement, which would afford him the protection of section 240 (1) (*see Sanatass v Consolidated Inv. Co., Inc*., 10 NY3d 333, 337; *Panek v County of Albany*, 99 NY2d 452, 458; *Joblon*, 91 NY2d at 465; *Lucas v Fulton Realty Partners, LLC*, 60 AD3d 1004, 1005-1006).

We likewise conclude that the court properly denied 60 Grider's motion for summary judgment with respect to plaintiff's Labor Law § 241 (6) claims.  Even assuming, arguendo, that 60 Grider met its initial burden on its motion, we conclude that plaintiff raised an issue of fact by submitting evidence that, at the time of the accident, the renovation was ongoing and that he was engaged in a covered activity, i.e., the installation of industrial laundry equipment, which was part of the larger renovation project (*see* 12 NYCRR 23-1.4 [b] [13]; *see also Nagel v D & R Realty Corp*., 99 NY2d 98, 103; *Piazza v Shaw Contract Flooring Servs., Inc*., 39 AD3d 1218, 1219).

We reject plaintiff's contention that the court erred in granting Consolidated's motion seeking summary judgment dismissing the Labor Law §§ 200, 240 (1) and 241 (6) claims.  Consolidated established its entitlement to summary judgment on those claims by submitting evidence that it had completed its work and was not at the work site at the time of plaintiff's injury; and, that as a subcontractor, it did not have the "authority to supervise or control the work that caused the plaintiff's injury" and thus cannot be held liable under Labor Law §§ 200, 240 (1), or 241 (6) (*Tomyuk v Junefield Assoc*., 57 AD3d 518, 521; *see Urban v No. 5 Times Sq. Dev., LLC*, 62 AD3d 553, 554).  Plaintiff failed to raise an issue of fact by submitting invoices that Consolidated submitted to Sodexho in May 2007 (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  The invoices merely demonstrate that Consolidated was present at the work site sometime after the accident, but they do not raise an issue of fact whether Consolidated had the requisite authority to supervise or control the work site or the work that resulted in plaintiff's injuries (*see generally Brownell v Blue Seal Feeds, Inc*., 89 AD3d 1425, 1427-1428).

     60 Grider contends that it is entitled to a conditional order of contractual and common-law indemnification from Consolidated because 60 Grider's liability, if any, would be solely statutory or vicarious, and that the court erred in failing to grant it such an order.  We reject that contention.  60 Grider is not entitled to a conditional order of contractual indemnification because it failed to meet its burden of establishing as a matter of law that Consolidated was negligent, as required by the parties' contract (*see Walter v United Parcel Serv., Inc.*, 56 AD3d 1187, 1188).  60 Grider also is not entitled to a conditional order of common-law indemnification because it failed to establish as a matter of law either that Consolidated was negligent or that Consolidated exercised actual supervision or control over the injury-producing work (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 377-378; *Naughton v City of New York*, 94 AD3d 1, 10; *Osgood v KDM Dev. Corp.*, 92 AD3d 1222, 1223).

     We have reviewed the remaining contentions of the parties and conclude that they are without merit.

Entered:  July 3, 2014                         Frances E. Cafarell
                                               Clerk of the Court