■ JOSE ORELLANA SIGUENZA, Appellant, v CEMUSA, INC., et al., Respondents, et al., Defendant. [6 NYS3d 568]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Ritholtz, J.), entered January 10, 2014, as, upon an order of the same court (Strauss, J.), entered July 11, 2011, inter alia, denying his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and upon a jury verdict on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), is

in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On July 16, 2008, the plaintiff, an employee of a concrete company, was excavating part of a sidewalk in Queens on which a bus shelter was to be built. During the course of the work, he stood on top of his employer's dump truck while breaking up concrete that had been deposited into the truck. As he climbed down from the truck, the plaintiff allegedly fell and was injured.

In an order entered July 11, 2011, the Supreme Court, inter alia, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). At trial, the jury rendered a verdict in favor of the defendants, finding that they did not violate Labor Law § 240 (1). While finding a violation of Labor Law § 241 (6), the jury determined that such violation was not a proximate cause of the occurrence.

Contrary to the plaintiff's contention, no basis exists for disturbing the jury's verdict on his Labor Law § 240 (1) cause of action. Labor Law § 240 (1) states that: "[a]ll contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." The plaintiff maintains that he was engaged in demolition work pertaining to the erection of a structure, namely, a bus shelter, at the time of his accident. However, the record reflects that during the relevant time frame, no work had begun on the erection of the bus shelter, an entity other than the plaintiff's employer had been hired to erect the bus shelter, the plaintiff was to play no role in the actual erection of the bus shelter, and in fact, the work performed by the plaintiff and his coworkers involved only the demolition and restoration of a sidewalk. Accordingly, "the plaintiff cannot be regarded as a person 'employed' to perform an activity enumerated under Labor Law § 240 (1)" (*Martinez v City of New York*, 73 AD3d 993, 996 [2010]), rendering the statute inapplicable (*see Panek v County of Albany*, 99 NY2d 452, 457 [2003]; *Martinez v City of New York*, 93 NY2d

322, 326 [1999]; *Ciesielski v Buffalo Indus. Park*, 299 AD2d 817, 818 [2002]; *Dilluvio v City of New York*, 264 AD2d 115, 121 [2000], *affd* 95 NY2d 928 [2000]).

Further, no basis exists for disturbing the jury's verdict on his Labor Law § 241 (6) cause of action. Labor Law § 241 (6) provides that: "[a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The commissioner may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith."

The plaintiff alleges that the defendants violated Labor Law § 241 (6) by failing to comply with 12 NYCRR 23-1.7 (f), which states: "Vertical passage. Stairways, ramps or runways shall be provided as the means of access to working levels above or below ground except where the nature or the progress of the work prevents their installation in which case ladders or other safe means of access shall be provided."

The jury's verdict necessarily required determinations of witness credibility to resolve conflicting testimony as to the happening of the accident. A jury's verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]). Under the circumstances of this case, the jury, resolving issues of credibility against the plaintiff as to the happening of the accident and the availability of alternate means for descending from the truck, could have fairly interpreted the evidence and rendered its verdict finding that any violation of 12 NYCRR 23-1.7 (f) was not a proximate cause of the occurrence.

The parties' remaining contentions are without merit, academic in light of our determination, or not properly before this Court. Dillon, J.P., Chambers, Duffy and Barros, JJ., concur.