■ DAVID DAVIS et al., Appellants, v CITY OF NEW YORK et al., Respondents. [48 NYS3d 196]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Genovesi, J.), dated December 1, 2015, as denied their motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), granted that branch of the cross motion of the defendant City of New York which was for summary judgment dismissing that cause of action insofar as asserted against it, and granted that branch of the separate cross motion of the defendants National Grid Electric Services, LLC, National Grid Energy Management, LLC, and Keyspan Energy Delivery NYC which was for summary judgment dismissing that cause of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In August 2012, the defendants National Grid Electric Services, LLC, National Grid Energy Management, LLC, and Keyspan Energy Delivery NYC (hereinafter collectively National Grid) excavated a section of sidewalk along Union Avenue in Brooklyn for the purpose of replacing an existing underground natural gas main. Upon completing the installation of the new gas main, National Grid performed a rough resurfacing of the excavated area of the sidewalk by installing cold patch asphalt to grade as a temporary replacement so that pedestrians could use the area. Pursuant to a contract with National Grid, a paving contractor arrived at the location approximately two weeks later and commenced demolition of the temporary sidewalk so that it could install a new, more permanent, cement sidewalk. The plaintiff David Davis (hereinafter the injured plaintiff), an employee of the paving contractor, was assigned to remove the temporary sidewalk by using a jackhammer to break up the surface into large pieces. He then loaded the pieces into the bucket of a backhoe that was used to deposit the debris into a truck for removal. After the injured plaintiff loaded the bucket, the backhoe operator raised it, and a large chunk of the sidewalk fell from the bucket and struck him in the leg.

The injured plaintiff, and his wife suing derivatively, commenced this action alleging violations of Labor Law §§ 200, 240 (1), and 241 (6), and common-law negligence. Regarding the Labor Law § 240 (1) cause of action, the plaintiffs allege that the injured plaintiff was engaged in an enumerated activity at the time of the accident because he was performing work in connection with the replacement of a "structure"—to wit, the gas main. Following discovery, the plaintiffs moved for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, and the defendants City of New York and National Grid separately cross-moved, inter alia, for summary judgment dismissing that cause of action insofar as asserted against each of them. The Supreme Court denied the plaintiffs' motion and granted the cross motions.

Contrary to the plaintiffs' contention, the Supreme Court properly determined that, at the time of the accident, the injured plaintiff was not engaged in an enumerated activity under Labor Law § 240 (1). That statute applies only to "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]). Significantly, the statute does not cover an injury occurring after an enumerated activity is complete (see *Beehner v Eckerd Corp.*, 3 NY3d 751, 752 [2004]). While the plaintiffs urge that

the injured plaintiff's work was part of a larger project involving the replacement of the gas main, the record reflects that the gas main replacement work was performed by a completely different entity and had been completed well before the injured plaintiff commenced any work at the location. Neither the injured plaintiff nor his employer played any role in the replacement of the gas main, and the work performed by the injured plaintiff and his coworkers constituted a separate and distinct phase of the overall project that involved only the demolition and restoration of a sidewalk (*see Orellana Siguenza v Cemusa, Inc.*, 127 AD3d 727 [2015]). Accordingly, under these circumstances, the plaintiff's work did not fall within the purview of Labor Law § 240 (1) (*see Panek v County of Albany*, 99 NY2d 452 [2003]; *Martinez v City of New York*, 93 NY2d 322 [1999]; *Orellana Siguenza v Cemusa, Inc.*, 127 AD3d 727 [2015]; *Martinez v City of New York*, 73 AD3d 993 [2010]; *Rivera v Santos*, 35 AD3d 700 [2006]; *Ciesielski v Buffalo Indus. Park*, 299 AD2d 817 [2002]; *Dilluvio v City of New York*, 264 AD2d 115 [2000], *affd* 95 NY2d 928 [2000]).

The plaintiffs' remaining contention is improperly raised for the first time on appeal (*see Lopez v Muttana*, 144 AD3d 871 [2016]; *Flagstar Bank, FSB v Titus*, 120 AD3d 469 [2014]; *Infra-Metals Co. v DK Indus. Servs. Corp.*, 120 AD3d 762 [2014]; *Provident Bank v Giannasca*, 55 AD3d 812 [2008]). Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.