Ross v Northeast Diversification, Inc. (2023 NY Slip Op 04024)

Ross v Northeast Diversification, Inc.

2023 NY Slip Op 04024

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND OGDEN, JJ.

415 CA 22-00884

[*1]JOSEPH A. ROSS, PLAINTIFF-RESPONDENT,
v
NORTHEAST DIVERSIFICATION, INC., AND HAMBURG CENTRAL SCHOOL DISTRICT, DEFENDANTS-APPELLANTS. NORTHEAST DIVERSIFICATION, INC., AND HAMBURG CENTRAL SCHOOL DISTRICT, THIRD-PARTY PLAINTIFFS-RESPONDENTS-APPELLANTS, 
 E.J. MILITELLO CONCRETE, INC., THIRD-PARTY DEFENDANT-APPELLANT-RESPONDENT. 

BURDEN, HAFNER & HANSEN, LLC, BUFFALO (SARAH E. HANSEN OF COUNSEL), FOR DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-RESPONDENT-APPELLANT NORTHEAST DIVERSIFICATION, INC. 
WALSH ROBERTS & GRACE, BUFFALO (ROBERT P. GOODWIN OF COUNSEL), FOR DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-RESPONDENT-APPELLANT HAMBURG CENTRAL SCHOOL DISTRICT. 
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (MICHAEL M. CHELUS OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT-RESPONDENT. 
DOLCE PANEPINTO, P.C., BUFFALO (MARC C. PANEPINTO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeals from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered May 24, 2022. The order, inter alia, granted in part the motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's motion in its entirety, granting those parts of the motions of defendants-third-party plaintiffs Northeast Diversification, Inc. and Hamburg Central School District for summary judgment dismissing the Labor Law § 240 (1) causes of action and the Labor Law § 241 (6) causes of action insofar as they are based on the alleged violation of 12 NYCRR 23-1.7 (b) (1) (i), and denying that part of the motion of Hamburg Central School District for summary judgment on its cause of action for contractual indemnification against third-party defendant E.J. Militello Concrete, Inc., and as modified the order is affirmed without costs.
Memorandum: In this Labor Law and common-law negligence action, plaintiff seeks damages for injuries he allegedly sustained while he was working as a concrete finisher for third-party defendant E.J. Militello Concrete, Inc. (Militello) on a project to install concrete sidewalks and pavement at an elementary school owned by defendant-third-party plaintiff Hamburg Central School District (Hamburg). While performing that work, plaintiff allegedly slipped and tripped on a stone and fell into an 8-to-12-inch deep trench that had been cut into the blacktop to allow the installation of a curb. Defendant-third-party plaintiff Northeast Diversification, Inc. (Northeast) was hired by Hamburg as the general contractor, and Northeast subcontracted with [*2]Militello for the sidewalk work. Hamburg asserted cross-claims against Northeast for contractual and common-law indemnification and, in a third-party action, Northeast and Hamburg seek, inter alia, contractual and common-law indemnification from Militello.
Plaintiff moved for, inter alia, partial summary judgment on the issue of liability on his Labor Law § 240 (1) causes of action. Hamburg moved for summary judgment dismissing plaintiff's Labor Law
§ 240 (1), § 200, and common-law negligence causes of action against it, dismissing plaintiff's Labor Law § 241 (6) cause of action against it in part, and for summary judgment on its contractual and common-law indemnification cross-claims and third-party causes of action against Northeast and Militello. Northeast moved for summary judgment dismissing plaintiff's complaint against it, and moved separately for summary judgment on its third-party causes of action for contractual and common-law indemnification against Militello. Militello moved, in separate motions, for summary judgment dismissing the third-party complaints of Hamburg and Northeast. Supreme Court granted that part of plaintiff's motion seeking summary judgment with respect to liability under Labor Law § 240 (1), granted those parts of Hamburg's motion seeking summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action against it and seeking contractual and common-law indemnification against Northeast and Militello, and otherwise denied the motions. Hamburg, Northeast, and Militello appeal.
We agree with Hamburg, Northeast, and Militello that the court erred in granting plaintiff's motion with respect to liability under Labor Law § 240 (1), and we agree with Hamburg and Northeast that the court erred in denying those parts of their motions seeking summary judgment dismissing the section 240 (1) causes of action. The statute applies only to the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (§ 240 [1]). Plaintiff's work involved only the demolition and restoration of a sidewalk and thus section 240 (1) is inapplicable (see Orellana Siguenza v Cemusa, Inc., 127 AD3d 727, 728 [2d Dept 2015]; see generally Martinez v City of New York, 93 NY2d 322, 326 [1999]). Although plaintiff argues that the court properly determined that section 240 (1) is applicable because the sidewalk work was part of a larger construction project, plaintiff and his employer had no other role in the project and the sidewalk work "constituted a separate and distinct phase of the overall project" (Davis v City of New York, 147 AD3d 904, 906 [2d Dept 2017]). We therefore modify the order by denying plaintiff's motion in its entirety and granting those parts of the motions of Hamburg and Northeast for summary judgment dismissing the section 240 (1) causes of action.
We further agree with Northeast, Hamburg, and Militello that the court erred in denying those parts of the motions of Northeast and Hamburg for summary judgment dismissing plaintiff's Labor Law § 241 (6) causes of action insofar as they are premised on an alleged violation of 12 NYCRR 23-1.7 (b) (1) (i), which applies to any "hazardous opening into which a person may step or fall . . . provided that [it is] one of significant depth and size" (Wrobel v Town of Pendleton, 120 AD3d 963, 966 [4th Dept 2014] [internal quotation marks omitted]; see Ellis v J.M.G., Inc., 31 AD3d 1220, 1221 [4th Dept 2006]). Here, the trench into which defendant fell was of insufficient depth and size to constitute a hazardous opening (see Palumbo v Transit Tech., LLC, 144 AD3d 773, 774 [2d Dept 2016]; Kobel v Niagara Mohawk Power Corp., 83 AD3d 1435, 1436 [4th Dept 2011]). We therefore further modify the order by granting those parts of the motions of Northeast and Hamburg for summary judgment dismissing the section 241 (6) causes of action insofar as they are based on the alleged violation of 12 NYCRR 23-1.7 (b) (1) (i).
Contrary to the further contentions of Northeast, Hamburg, and Militello, the court properly denied the respective motions of Northeast and Hamburg with respect to plaintiff's Labor Law § 241 (6) causes of action insofar as they are based on alleged violations of 12 NYCRR 23-1.7 (d) and (e) (2) and 12 NYCRR 23-2.1 (b). With respect to 12 NYCRR 1.7 (d) and (e) (2), issues of fact concerning who was responsible for clearing up the loose stones that allegedly caused plaintiff to slip and trip, and whether those stones constituted a "foreign substance which may cause slippery footing," preclude a determination as a matter of law whether those regulations were violated (see Armental v 401 Park Ave. S. Assoc., LLC, 182 AD3d 405, 407 [1st Dept 2020]; Ventura v Lancet Arch, 5 AD3d 1053, 1054 [4th Dept 2004]). Contrary to Northeast's further contention, 12 NYCRR 23-2.1 (b) is sufficiently specific to support a Labor Law § 241 (6) cause of action (see Finocchi v Live Nation Inc., 141 AD3d 1092, [*3]1094 [4th Dept 2016]; DiPalma v State of New York, 90 AD3d 1659, 1661 [4th Dept 2011]).
Contrary to Northeast's contention, it was not entitled to a conditional order of contractual indemnification against Militello. The indemnification clause in the contract between Northeast and Militello required Militello to indemnify Northeast from claims "arising out of or resulting from performance of [Militello's] Work
. . . but only to the extent caused by the negligent acts or omissions of [Militello]" or its employees. Inasmuch as there are triable issues of fact whether the claims here arose from negligent acts or omissions of Militello, the court properly denied that part of Northeast's motion for summary judgment on its third-party cause of action for contractual indemnification (see Divens v Finger Lakes Gaming & Racing Assn., Inc., LP, 151 AD3d 1640, 1643 [4th Dept 2017]; Krajnik v Forbes Homes, Inc., 120 AD3d 902, 904 [4th Dept 2014]). Inasmuch as Hamburg's cause of action for contractual indemnification against Militello likewise rests upon the same provision in the contract between Northeast and Militello, we also agree with Militello that the court erred in granting that part of Hamburg's motion for summary judgment on its third-party cause of action for contractual indemnification against Militello. We therefore further modify the order accordingly.
Contrary to Militello's contention, however, the court properly granted that part of Hamburg's motion for summary judgment granting a conditional order of common-law indemnification against Militello. The right of common-law indemnification " 'belongs to parties determined to be vicariously liable without proof of any negligence or active fault on their part' " (Brickel v Buffalo Mun. Hous. Auth., 280 AD2d 985, 985 [4th Dept 2001]; see McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378 [2011]). Hamburg established as a matter of law that it was not negligent and did not actually supervise or control the injury-producing work, and therefore Hamburg was required to establish either that Militello was negligent or that it exercised actual supervision or control over the injury-producing work (see McCarthy, 17 NY3d at 378; Foots v Consolidated Bldg. Contrs., Inc., 119 AD3d 1324, 1327 [4th Dept 2014]). We conclude that Hamburg established, as a matter of law, that Militello exercised actual supervision or control over the work, and the court therefore properly determined that Hamburg is entitled to a conditional order of common-law indemnification against Militello (see Colyer v K Mart Corp., 273 AD2d 809, 810 [4th Dept 2000]). We reject the contention of Northeast, however, that it is likewise entitled to a conditional order of common-law indemnification against Militello inasmuch as there are issues of fact with respect to whether Northeast was negligent (see McKay v Weeden, 148 AD3d 1718, 1721 [4th Dept 2017]). We have reviewed the parties' remaining contentions and conclude that none warrants reversal or further modification of the order.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court