■ CONTRACTORS CASUALTY & SURETY COMPANY, Respondent, v 535 BROADHOLLOW REALTY, L. L. C., et al., Defendants, and CHESTNUT HILL REAL ESTATE CORP. et al., Appellants. [715 NYS2d 434] —In an action to recover damages pursuant to an agreement to indemnify, Chestnut Hill Real Estate Corp., Ted Doukas, and Mary Hauptman appeal from a judgment of the Supreme Court, Nassau County (Alpert, J.), dated July 21, 1999, which, after an inquest, is in favor of the plaintiff and against them in the principal sum of $51,570. The appeal brings up for review an order of the same court dated February 17, 1999, which denied their motion to vacate their default in appearing at a pretrial conference.

Ordered that the judgment is affirmed, with costs.

In an order dated September 9, 1998, the Supreme Court struck the appellants' answer based on their failure to appear at a pretrial conference and ordered an inquest (*see,* 22 NYCRR 202.27 [a]). The appellants' motion to vacate their default was denied in an order dated February 17, 1999, and, following the inquest, a judgment was entered in the plaintiff's favor. On appeal, the appellants contend that the court erred in denying the motion to vacate their default.

Although the judgment was entered upon the appellants' default in appearing at the pretrial conference, appellate review of the issues raised in the order dated February 17, 1999, is not precluded since the defendant may obtain review of "matters which were the subject of contest below" (*James v Powell,* 19 NY2d 249, 256, n 3).

In moving to vacate their default, the appellants were required to establish a reasonable excuse for their failure to appear at the conference and a meritorious defense (*see, Puchal v Puchal,* 273 AD2d 368; *BBZZ Equities v Walter T. Gorman, P. E., P. C.,* 267 AD2d 266; *Salemo v Geller,* 260 AD2d 153). We agree with the Supreme Court that, even assuming that the appellants' nonappearance at the conference was excusable based on law office failure, their belated attempt in reply papers to establish a meritorious defense was inadequate. Accordingly, the Supreme Court providently exercised its discretion in denying the appellants' motion (*see, Puchal v Puchal, supra*). O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.