■ BRANIMIR KADOIC, Appellant, v 1154 FIRST AVENUE TENANTS CORP. et al., Respondents. (And Other Actions.) [716 NYS2d 386] —Order, Supreme Court, New York County (Stephen Crane, J.), entered July 13, 1999, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the issue of defendant building owners' liability under Labor Law § 240 (1), and granted defendants' cross motion for summary judgment to the extent of dismissing plaintiff's cause of action under Labor Law § 200, unanimously modified, on the law, to grant plaintiff's motion, and otherwise affirmed, without costs.

Plaintiff has established that a lack of proper safety equipment was the proximate cause of the accident. Plaintiff presented an essentially consistent version of the circumstances of the accident in both his deposition testimony and affidavit, demonstrating that, whether or not the sign he was attempting to remove actually touched him or the ladder, the force of the sudden release of the sign caused him to lose his balance and fall. Regardless of the propriety of the method plaintiff used to remove the sign, it is plain that the ladder he used was not an adequate safety device for the task he was performing, rendering defendants, who admittedly provided no safety devices, absolutely liable under section 240 (1) (*Dunn v Consolidated Edison Co.*, 272 AD2d 129). As to the dismissal of the cause of action under Labor Law § 200, we find, as did the IAS Court, that defendants had no notice of the asserted dangerous condition with respect to the sign. Concur—Rosenberger, J. P., Tom, Wallach, Rubin and Saxe, JJ.