■■■ David Ertl et al., Respondents, v Ciminelli-Cowper Co., Inc., et al., Appellants-Respondents, Ferguson Electric Construction Co., Inc., Respondent, and John W. Danforth Company, Respondent-Appellant. Ferguson Electric Construction Co., Inc., Third-Party Plaintiff-Respondent, v Buffalo Wholesale Supply, Inc., Doing Business as Niagara Insulations, Inc., Third-Party Defendant-Appellant. John W. Danforth Company, Third-Party Plaintiff-Respondent-Appellant, v Niagara Insulations, Inc., Third-Party Defendant-Respondent, and Buffalo Wholesale Supply Company, Inc., Doing Business as Niagara Insulations, Inc., Third-Party Defendant-Appellant-Respondent. Ciminelli-Cowper Co., Inc., et al., Third-Party Plaintiffs-Appellants-Respondents, v Niagara Insulations, Inc., Third-Party

Defendant-Respondent, and BUFFALO WHOLESALE SUPPLY COMPANY, INC., Doing Business as NIAGARA INSULATIONS, INC., Third-Party Defendant-Respondent-Appellant.. [732 NYS2d 206] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied those parts of the motion of defendants Ciminelli-Cowper Co., Inc. (Ciminelli-Cowper) and Millard Fillmore Suburban Hospital (Hospital) and the cross motion of defendant John W. Danforth Company (Danforth) seeking summary judgment dismissing the common-law negligence and Labor Law § 200 claims against Ciminelli-Cowper and Danforth. Those defendants failed to establish as a matter of law that they did not supervise, direct, or control the worksite and, in any event, plaintiffs raised a triable question of fact on that issue (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 506). Because plaintiffs alleged a violation of a regulation mandating compliance with concrete specifications, the court properly denied defendants' motion and cross motion for summary judgment seeking dismissal of the Labor Law § 241 (6) cause of action (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501-505). Finally, the court properly denied the motions of Ciminelli-Cowper and the Hospital and third-party defendant Buffalo Wholesale Supply Company, Inc., d/b/a Niagara Insulations, Inc., and the cross motion of Danforth seeking a conditional order of common-law indemnification. An issue of fact exists whether those parties are responsible for the accident (*see, Rissel v Nornew Energy Supply*, 281 AD2d 880, 881; *Colyer v K Mart Corp.*, 273 AD2d 809, 809-810). We have considered the remaining contentions of the parties and conclude that they lack merit. (Appeals from Order of Supreme Court, Erie County, Fallon, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.