■ DENNIS M. ANDERSON et al., Respondents-Appellants, v JASON SCHWARTZ et al., Defendants, and DVSD HOLDING CORP., Appellant-Respondent. [808 NYS2d 26]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered March 11, 2004, which, to the extent appealed and cross-appealed from, denied those portions of the motion of defendant DVSD Holding Corp. (DVSD) which sought dismissal of plaintiffs' claims under Labor Law § 240 (1) and § 241 (6), and denied those portions of plaintiffs' motion which sought summary judgment on the issue of liability on their claims under Labor Law § 240 (1) and § 241 (6) against DVSD, modified, on the law, to grant those portions of DVSD's motion which sought dismissal of plaintiffs' claims under Labor Law § 240 (1) and § 241 (6), and otherwise affirmed, without costs.

Plaintiff Dennis M. Anderson was injured when he fell from a ladder while removing an aluminum auction sign that had been attached to the exterior of a one-story commercial building owned by defendant DVSD Holding Corp. The sign, which was six feet wide by three to four feet high, had been bolted to the side of the structure at a height of some eight feet from the ground. Of critical significance is that the sign, which stated the name and telephone number of the auctioneer and the date and time of the auction, was a temporary one that had been affixed to the wall for the purpose of advertising the impending sale of the premises. It was not connected to any power source and was attached to the building with four one-half-inch bolts.

This case is controlled by the recent decision of the Court of Appeals in *Munoz v DJZ Realty, LLC* (5 NY3d 747 [2005]). Here, as in *Munoz*, "[p]laintiff's activities may have changed the outward appearance of the [building], but [they] did not change the [building's] structure, and thus were more akin to cosmetic maintenance or decorative modification than to 'altering' for purposes of Labor Law § 240 (1) (*see Joblon v Solow*, 91 NY2d 457, 465 [1998])" (*Munoz* at 748). Because plaintiffs' Labor Law § 241 (6) claim similarly requires proof that the work performed entailed "alteration" of a building or other structure (*see Joblon* at 466), it also should have been dismissed. Concur—Marlow, J.P., Williams, Catterson and McGuire, JJ.

Ellerin, J., dissents in a memorandum as follows: I would affirm the appealed order.

As the motion court observed, notwithstanding defendant DVSD Holding Corp.'s contention, based on *Joblon v Solow* (91 NY2d 457 [1998]), that removing the sign had no significant effect on the structural integrity of the building, since *Joblon* was decided, courts have continued to hold that erecting or removing a sign bolted to a building or other structure is a protected activity under Labor Law § 240 (1) (*see e.g. Vasquez v Skyline Constr. & Restoration Corp.*, 8 AD3d 473 [2004], *lv denied* 3 NY3d 611 [2004]; *Steves v Campus Indus.*, 288 AD2d 914 [2001]; *Kadoic v 1154 First Ave. Tenants Corp.*, 277 AD2d 66 [2000]; *Quinn v Fisher Dev.*, 272 AD2d 106 [2000]).

These holdings are in keeping with the rather modest standard set by the Court of Appeals in *Joblon* for "altering" a building or structure within the meaning of Labor Law § 240 (1), namely, "making a *significant* physical change to the configuration or composition of the building or structure" (91 NY2d at 465). In *Joblon*, the significant physical change consisted of "[b]ringing an electrical power supply capable of supporting the clock to the mail room, which required both extending the wiring within the utility room and chiseling a hole through a concrete wall so as to reach the mail room" (*id.* at 465). Similarly, in *Weininger v Hagedorn & Co.* (91 NY2d 958, 959 [1998]), the companion case to *Joblon*, the Court held that significant physical change was made by "running computer and telephone cable through the ceiling from an existing computer room in [an] office to newly leased space that would be used as a telecommunications center[, which] involved standing on a ladder to access a series of holes punched in the ceiling and pulling the wiring through 'canals' that had been made in chicken wire in the ceiling."

The Court held in *Joblon* that standing on a ladder and chiseling a hole in a concrete wall is "more than the routine act of standing on a ladder to hang a clock on a wall" (91 NY2d at 465), and in *Weininger* that standing on a ladder to reach holes in the ceiling and pulling cable through canals in chicken wire is "not a simple, routine activity" (91 NY2d at 960). Likewise, I would hold here that standing on a ladder and removing a sign bolted onto the facade of a building is not a simple routine activity but involves "making a *significant* physical change to the configuration or composition of the building or structure" (*Joblon*, 91 NY2d at 465), and therefore that plaintiff was engaged in "altering" a building or structure within the meaning of Labor Law § 240 (1).

As to the section 241 (6) claim, the motion court correctly found that because plaintiff was engaged in alteration of the building within the meaning of section 240 (1), and the Industrial Code includes alteration of buildings or other structures in its definition of construction work (*see Joblon*, 91 NY2d at 466; *Nagel v D & R Realty Corp.*, 99 NY2d 98, 103 [2002]), plaintiff's injuries are compensable under section 241 (6) if they were proximately caused by defendant's violations of the specific Industrial Code provisions cited by plaintiff.