JAMES MAES, Respondent-Appellant, v 408 W. 39 LLC, Defendant, and VISTA MEDIA GROUP OF NEW YORK, INC., et al., Appellants-Respondents. VISTA MEDIA GROUP OF NEW YORK, INC., et al., Third-Party Plaintiffs-Appellants, v AMA HOLDINGS, INC., et al., Third-Party Defendants-Respondents. [808 NYS2d 613]—

Judgment, Supreme Court, New York County (Marilyn Shafer, J.), entered January 19, 2005, which denied plaintiff's motion for summary judgment, denied the Vista defendants' cross motion for summary judgment and granted third-party defendants' cross motions for summary judgment, unanimously modified, on the law, Vista's cross motion granted in all respects, and the judgment otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Defendant 408 W. 39 LLC is the owner of a building located at 408 West 39th Street in Manhattan. The remaining defendants (collectively Vista) lease outdoor advertising space from landowners on a long-term basis and then rent the space to advertisers on a short-term basis. At the time of this incident, Vista had leased space on the owner's building.

Vista and third-party defendant AMA Erectors had an ongoing relationship to remove and replace advertisements on various buildings. Generally, there was a written contract for a project pursuant to which Erectors would agree to hold Vista harmless and indemnify it from any claims, and Erectors would provide a certificate of insurance naming Vista as an additional insured. However, there was no written contract for this proj-

ect, although Vista claims there was a general insurance policy covering the job as well as an oral agreement with respect to the work to be done.

On December 21, 2001, plaintiff and three other workers were employed by Erectors to remove a large, expired banner advertisement at the subject building. The banner was hung on the building by attaching it to bolts previously installed on the building and held in place by nuts attached to the bolts. To remove the banner, a wrench or ratchet was used to loosen the nuts and the banner was lowered to the ground with a rope. One worker stood on the roof of the building to remove the two top nuts and lower the banner to the ground. He was raised to that position by use of a boom truck.

Erectors provided a telescopic boom truck with a bucket-basket attached to the end of the boom. This truck was owned by third-party defendant AMA Holdings. As plaintiff was being lifted in the bucket, the cable in the telescopic arm snapped, causing the bucket to fall approximately 35 feet to its original position on top of the truck, injuring plaintiff.

Plaintiff commenced this action against the building owner and Vista, alleging three causes of action: common-law negligence and violation of Labor Law § 200, violation of Labor Law § 240 (1), and violation of Labor Law § 241 (6). Vista answered and cross-claimed against the owner of the building.

Vista thereafter commenced a third-party action against Erectors for contractual indemnification and breach of contract to procure insurance, and against Holdings for contractual indemnification, breach of contract to procure insurance, and common-law indemnification and contribution.

Plaintiff moved for partial summary judgment on the issue of Vista's liability pursuant to Labor Law § 240 (1). Erectors and Holdings cross-moved for summary judgment dismissing the third-party complaint. Vista cross-moved for conditional summary judgment on its third-party complaint and for summary judgment dismissing plaintiff's complaint.

The IAS court denied plaintiff's motion for partial summary judgment on his section 240 (1) claim, holding that plaintiff's work did not constitute an "alteration" within the meaning of the statute. It went on to grant Erectors' and Holdings' cross motion to dismiss the third-party complaint and concurrently denied Vista's cross motion for summary judgment on its third-party complaint. The court did not address Vista's cross motion for summary judgment dismissing the complaint.

Plaintiff's motion for partial summary judgment against Vista

in connection with his section 240 (1) claim on the ground that plaintiff was not engaged in an alteration project was properly denied. " '[A]ltering' for purposes of section 240 (1) 'requires making a *significant* physical change to the configuration or composition of the building or structure' " (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003], quoting *Joblon v Solow*, 91 NY2d 457, 465 [1998]). In determining whether a project falls within the definition of "altering," the court "must examine the totality of the work done on the project to determine whether it resulted in a significant physical change" to the building or structure (*Aguilar v Henry Mar. Serv., Inc.*, 12 AD3d 542, 543 [2004]). Where the work does not involve a "significant or permanent physical change," dismissal of a Labor Law § 240 (1) claim is appropriate (*see Kretzschmar v New York State Urban Dev. Corp.*, 13 AD3d 270 [2004], *lv denied* 5 NY3d 703 [2005]). As the Court of Appeals explained in a similar case where a worker fell while applying a new advertisement to a billboard situated on top of a building, "Plaintiff's activities may have changed the outward appearance of the billboard, but it did not change the billboard's structure, and thus were more akin to cosmetic maintenance or decorative modification than to 'altering' for purposes of Labor Law § 240 (1)" (*Munoz v DJZ Realty, LLC*, 5 NY3d 747, 748 [2005]).

Plaintiff's loosening of nuts to remove a vinyl banner advertisement was not part of a change in the configuration or composition of the building, and thus did not constitute a significant alteration of the building. The bolts that secured the banner to the building were already in place and remained once the banner was removed so that another advertisement could be affixed. Plaintiff's action consisted of loosening nuts and sliding the temporary banner off the bolts attached to the building, and did not constitute an "alteration" under the Labor Law.

Since the statutory protection is provided only for workers actually engaged in "altering," and because the court properly held that plaintiff's accident did not occur in the performance of work constituting an alteration, Vista's motion to dismiss plaintiff's Labor Law § 240 (1) cause of action should have been granted.

Vista's motion to dismiss plaintiff's Labor Law § 241 (6) claim should likewise have been granted. Section 241 (6) affords protection only to that class of workers engaged in "constructing or demolishing buildings" in "areas in which construction, excavation or demolition work is being performed" (*see Acosta v Banco Popular*, 308 AD2d 48, 50 [2003]). "[T]he protections of Labor Law § 241 (6) do not apply to claims arising out of main-

tenance of a building or structure outside of the construction context" (*Nagel v D & R Realty Corp.*, 99 NY2d 98, 99 [2002]). Since plaintiff was not involved with construction, section 241 (6) does not apply.

Similarly, Vista's motion to dismiss plaintiff's Labor Law § 200 claim should have been granted. Section 200 is a codification of the common-law duty of an owner or general contractor to provide a safe workplace. To sustain a claim under that section, there must be a finding that "the party charged with that responsibility ha[s] the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]).

The record reflects that while Vista's operating manager met Erectors' crew at the site and told them what needed to be done, all directions with respect to the actual work were given by Erectors' personnel. Vista did not exercise any supervisory control over the work, did not provide any of the tools or equipment used in the work, and did not own or operate the truck or boom which caused plaintiff's injuries. Vista thus may not be held liable under any common-law theories of liability or Labor Law § 200 (*see Martin v Paisner*, 253 AD2d 796 [1998]).

Since all of plaintiff's claims against Vista are dismissed, any third-party claims by it against Holdings and Erectors are academic. Concur—Tom, J.P., Marlow, Ellerin, Sweeny and Catterson, JJ.