■ LEONARD HATFIELD et al., Appellants, v BRIDGEDALE, LLC, et al., Respondents, et al., Defendant. (And Third-Party Actions.) [814 NYS2d 659]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Queens County (Taylor, J.), dated February 16, 2004, as granted those branches of the motion of the defendants Bridgedale, LLC, and Vector Media, LLC, and the separate motion of the defendant PRI Enterprises, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them, and denied their cross motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and § 241 (6), and (2) an order of the same court dated July 6, 2004, which granted that branch of the motion of the defendant Tower Building Restoration, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order dated February 16, 2004 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 6, 2004 is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Tower Building Restoration, Inc., which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, and those causes of action are reinstated insofar as asserted against that defendant; and it is further,

Ordered that one bill of costs, payable by the plaintiffs, is awarded to the defendants Bridgedale, LLC, Vector Media, LLC, and PRI Enterprises, LLC, appearing separately and filing separate briefs, and one bill of costs is awarded to the plaintiffs payable by the defendant Tower Building Restoration, Inc.

The injured plaintiff fell while applying an advertisement to the face of a billboard that sat atop a building owned by the defendant Bridgedale, LLC (hereinafter Bridgedale). The injured plaintiff's activities "did not change the billboard's structure, and thus were more akin to cosmetic maintenance or decorative modification than to 'altering' for purposes of Labor Law § 240 (1)" (*Munoz v DJZ Realty, LLC*, 5 NY3d 747, 748 [2005]; *see Joblon v Solow*, 91 NY2d 457, 465 [1998]; *Maes v 408 W. 39 LLC*, 24 AD3d 298, 300 [2005]; *Anderson v Schwartz*, 24 AD3d 234, 236 [2005]). Accordingly, the Supreme Court properly granted those branches of the defendants' respective motions which were to dismiss the plaintiffs' Labor Law § 240 (1) cause of action.

The Supreme Court also properly granted those branches of the defendants' respective motions which were to dismiss the plaintiffs' Labor Law § 241 (6) cause of action because "the protections of Labor Law § 241 (6) do not apply to claims arising out of maintenance of a building or structure outside of the construction context" (*Nagel v D & R Realty Corp.*, 99 NY2d 98, 99 [2002]; *see Maes v 408 W. 39 LLC, supra*). Since the injured plaintiff was not involved in construction, Labor Law § 241 (6) does not apply.

Moreover, Bridgedale and the defendants Vector Media, LLC, and PRI Enterprises, LLC, demonstrated their prima facie entitlement to summary judgment dismissing the causes of action to recover damages for violations of Labor Law § 200 and common-law negligence by demonstrating that they did not exercise supervisory control over the injured plaintiff's work, and that they neither created nor had actual or constructive knowledge of the allegedly dangerous condition (*see Brown v Brause Plaza, LLC*, 19 AD3d 626, 628 [2005]). In opposition, the plaintiffs failed to come forward with evidentiary proof sufficient to raise a triable issue of fact.

However, the Supreme Court erred in granting that branch of the motion of the defendant Tower Building Restoration, Inc. (hereinafter Tower), which was to dismiss the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. Triable issues of fact exist as to whether Tower created the allegedly dangerous condition which caused the injured plaintiff to fall (*see Fernez v Kellogg*, 2 AD3d 397, 399 [2003]). Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.