■ GARY WORMUTH, Appellant-Respondent, v FREEMAN INTERIORS, LTD., Respondent-Appellant, and DANIEL TAGLIAMONTE et al., Respondents. [824 NYS2d 855]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (William R. Roy, J.), entered October 6, 2005 in a personal injury action. The order granted the motion of defendants Daniel Tagliamonte and Cheryl Tagliamonte for partial summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action against them, granted those parts of the cross motion of defendant Freeman Interiors, Ltd. for summary judgment dismissing those causes of action against it and denied that part of the cross motion of defendant Freeman Interiors, Ltd. for summary judgment dismissing the Labor Law § 200 claim against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell from a ladder

while installing draperies at a house owned by defendants Daniel Tagliamonte and Cheryl Tagliamonte. The Tagliamontes had entered into a contract with defendant Freeman Interiors, Ltd. (Freeman) to design and install window treatments and, at the time of his fall, plaintiff was installing the draperies pursuant to a subcontract with Freeman. Supreme Court properly granted the motion of the Tagliamontes for partial summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action against them and granted those parts of the cross motion of Freeman for summary judgment dismissing those causes of action against it. The work being performed by plaintiff does not constitute the alteration of a building or structure within the meaning of Labor Law § 240 (1), i.e., it does not involve "a *significant* physical change to the configuration or composition of the building or structure" (*Joblon v Solow*, 91 NY2d 457, 465 [1998]; *see generally Schroeder v Kalenak Painting & Paperhanging, Inc.*, 27 AD3d 1097 [2006], *affd* 7 NY3d 797 [2006]; *Maes v 408 W. 39 LLC*, 24 AD3d 298, 299-300 [2005]). Defendants also established their entitlement to summary judgment dismissing the Labor Law § 241 (6) cause of action because "plaintiff was not involved with construction" (*Maes*, 24 AD3d at 301; *see* 12 NYCRR 23-1.4 [b] [13]).

We further conclude that the court properly denied that part of the cross motion of Freeman for summary judgment dismissing the Labor Law § 200 claim against it. Although Freeman met its initial burden by establishing that it did not supervise or control the work being performed (*see generally Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 353 [1998]), plaintiff raised a triable issue of fact to defeat that part of the cross motion (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 506 [1993]; *Ertl v Ciminelli-Cowper Co.*, 288 AD2d 946 [2001]; *Houde v Barton*, 202 AD2d 890, 891-892 [1994], *lv dismissed* 84 NY2d 977 [1994]). Present—Kehoe, J.P., Martoche, Smith and Pine, JJ.