JERZY WIDAWSKI, Appellant, v 217 ELIZABETH STREET CORP., Respondent, et al., Defendants. [838 NYS2d 496]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered February 15, 2006, which, upon reargument, amended certain language in its prior order, but adhered to that order insofar as it denied plaintiff's motion for partial summary judgment on his Labor Law claims, unanimously modified, on the law, to grant, upon a search of the record, summary judgment dismissing plaintiff's claims premised on Labor Law § 240 (1) and § 241 (6) as against defendant 217 Elizabeth Street Corp. (217 Elizabeth), and otherwise affirmed, without costs, and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered December 5, 2005, unanimously dismissed, without costs, as superseded by the appeal from the order entered February 15, 2006.

Until it went out of business, defendant LaRosa Baking Corp. (LaRosa Baking) operated a bakery in premises owned by 217 Elizabeth. Thereafter, LaRosa Baking conducted an equipment sale at which plaintiff's employer purchased an eight-foot-tall bakery mixer. On March 27, 2003, plaintiff was sent by his employer to remove the mixer, which was bolted to the floor of the premises. There is evidence in the record that the floor was quite slippery with flour and debris strewn about. Plaintiff and his assistant Pedro Beauchamp arrived at the bakery with channel lock pliers and screwdrivers. As they did not have their own ladder, they used a wooden straight ladder that was present at the premises.

To be removed, the mixer first had to be disconnected from an electrical box above it. Thus, plaintiff climbed the ladder to disconnect the mixer's electrical conduits from the overhead junction box. In the course of this activity, plaintiff claims that he fell from the ladder as "[it] slipped." Also present at the premises at the time of the mishap was Jack LaRosa, secretary of 217 Elizabeth. As equipment was being removed from the bakery by various purchasers, LaRosa made certain that workers removed only the equipment they had purchased. There are conflicting versions of LaRosa's role in plaintiff's obtaining the ladder from which he fell.

Plaintiff moved for partial summary judgment as to liability on his claims for violation of Labor Law § 240 (1), § 241 (6) and § 200, and for common-law negligence. Supreme Court found that "the facts do not support [plaintiff's] contention that the removal of this mixer was an alteration for purposes of the Labor Law," and it accordingly denied the motion for summary judgment. The court also denied plaintiff's motion insofar as he sought summary judgment on his claim premised on common-law negligence and Labor Law § 200.

We agree with Supreme Court insofar as it denied summary judgment on common-law negligence and Labor Law § 200. However, as to Labor Law § 240 (1) and § 241 (6), since the issue may be resolved as a matter of law, summary judgment should have been granted to 217 Elizabeth upon a search of the record (CPLR 3212 [b]).

Plaintiff's work of dismantling an overhead electrical conduit in preparation for the removal of a mixer bolted to the floor does not constitute an alteration within the meaning of Labor Law § 240 (1) (cf. Panek v County of Albany, 99 NY2d 452, 457-458 [2003] [removing two 200-pound air handlers bolted to a second-floor ceiling, which required two days of preparatory work and was part of a major renovation project, constituted an alteration]; Joblon v Solow, 91 NY2d 457, 465 [1998] [chopping a hole through a block wall with a hammer and chisel and routing a conduit pipe and wire through the hole constitutes an alteration]). Similarly, plaintiff's activity did not constitute construction or alteration within the purview of Labor Law § 241 (6) (see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526 [2003]; Nagel v D & R Realty Corp., 99 NY2d 98 [2002]).

Insofar as plaintiff's claim is premised on common-law negligence and Labor Law § 200, however, issues of fact exist. Ali Onder, a nonparty witness, testified at his examination before trial as to the slippery and wet condition of the floor of the bakery on the day of the accident. Onder testified that even before the occurrence, he had emptied four 50-gallon drums of water from a leak in the ceiling. Furthermore, LaRosa was present while plaintiff was doing his work. Thus, there is reason to believe that 217 Elizabeth, through LaRosa, was actually aware of the condition of the premises. Accordingly, 217 Elizabeth may potentially be held liable under the principle that an owner with actual notice of a dangerous condition on his premises is liable for injuries resulting therefrom (see Lombardi v Stout, 80 NY2d 290, 294-295 [1992]; Seepersaud v City of New York, 38 AD3d 753, 754-755 [2d Dept 2007]; Brown v Brause Plaza, LLC, 19 AD3d 626, 628 [2005]; DiPilato v H. Park Cent. Hotel, L.L.C., 17 AD3d 191, 192-193 [2005]). Whether the slippery condition of the floor contributed to plaintiff's fall, and his comparative responsibility for the fall, are issues for the factfinder. Concur—Mazzarelli, J.P., Andrias, Friedman, McGuire and Malone, JJ.