# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

944

CA 11-02542

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

MOSTAFA ZOLFAGHARI, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

HUGHES NETWORK SYSTEMS, LLC, EXXON MOBIL
CORPORATION AND RTE A SETAUKET REALTY,
DEFENDANTS-RESPONDENTS.
-------------------------------------------
EXXON MOBIL CORPORATION, THIRD-PARTY
PLAINTIFF-APPELLANT,

V

ATLANTA NETWORK SYSTEMS, INC., THIRD-PARTY
DEFENDANT-RESPONDENT.

KENNY & KENNY, PLLC, SYRACUSE (MICHAEL P. KENNY OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

MENDES & MOUNT, LLP, NEWARK, NEW JERSEY (WILLIAM T. WACHENFELD OF
COUNSEL), FOR DEFENDANT-RESPONDENT EXXON MOBIL CORPORATION AND THIRD-
PARTY PLAINTIFF-APPELLANT.

HURWITZ & FINE, P.C., BUFFALO (DAVID R. ADAMS OF COUNSEL), FOR
DEFENDANT-RESPONDENT HUGHES NETWORK SYSTEMS, LLC AND THIRD-PARTY
DEFENDANT-RESPONDENT.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (JENNIFER L. WANG OF
COUNSEL), FOR DEFENDANT-RESPONDENT RTE A SETAUKET REALTY.

---

Appeals from an order and judgment (one paper) of the Supreme
Court, Onondaga County (James P. Murphy, J.), entered August 18, 2011
in a personal injury action. The order and judgment denied
plaintiff's motion for partial summary judgment, granted defendants'
cross motions for summary judgment, dismissed the complaint, denied
the motion of third-party plaintiff for summary judgment and granted
the cross motion of third-party defendant for summary judgment
dismissing the third-party complaint of Exxon Mobil Corporation.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries he allegedly sustained

when he fell off a ladder while trying to remove a satellite dish attached to the outside wall of a gas station.  The satellite dish was being removed because defendant Rte A Setauket Realty (Setauket) was in the process of changing from an Exxon station to a Gulf station, and the satellite dish was owned by defendant Exxon Mobil Corporation (Exxon).  Exxon had contracted with defendant Hughes Network Systems, LLC (Hughes), which in turn contracted with Atlanta Network Systems, Inc. (Atlanta) to perform the removal services.  Atlanta employed plaintiff to remove the dish from Setauket's station.  Exxon commenced a third-party action against Atlanta contending, inter alia, that it was a third-party beneficiary of the indemnification agreement between Atlanta and Hughes.  Supreme Court denied plaintiff's motion for partial summary judgment on liability under Labor Law §§ 240 (1) and 241 (6), granted the cross motion of Exxon and those parts of the cross motions of Setauket, as well as Atlanta and Hughes, for summary judgment dismissing the complaint in the main action, and granted Atlanta's cross motion for summary judgment dismissing the third-party complaint.

We note at the outset that plaintiff, as limited by his brief on appeal, contends only that the court erred in granting those parts of the cross motions for summary judgment dismissing the causes of action pursuant to Labor Law §§ 240 (1) and 241 (6).  Plaintiff contends with respect to Labor Law § 240 (1) that he was engaged in the "alteration" of a building or structure within the meaning of that section.  We reject that contention.  To obtain the protections afforded by Labor Law § 240 (1), a worker must be engaged in "altering" a building or structure, i.e., "making a *significant* physical change to the configuration or composition of the building or structure" (*Joblon v Solow*, 91 NY2d 457, 465).

Here, plaintiff's task involved no more than manually unplugging a cord, loosening a small number of bolts by hand and with a wrench, cutting a wire with a hand tool, and lifting the dish apparatus from a bracket and face plate that remained attached to the building.  That work did not require plaintiff to come in physical contact with the building itself, involved no power tools, no drilling of holes, and no feeding of wire through conduits.  In short, plaintiff's work did not require that a significant physical change be made to the gas station building (*see Widawski v 217 Elizabeth St. Corp.*, 40 AD3d 483, 485; *Maes v 408 W. 39 LLC*, 24 AD3d 298, 299-300, *lv denied* 7 NY3d 716; *Anderson v Schwartz*, 24 AD3d 234, 234, *lv denied* 7 NY3d 707).  Contrary to plaintiff's contention, the work involved in the removal or "de-installation" of a satellite dish system is not the same as that involved in the installation of such a system within the context of Labor Law § 240 (1) (*see e.g. Tassone v Mid-Valley Oil Co.*, 291 AD2d 623, 624, *lv denied* 100 NY2d 502; *Di Giulio v Migliore*, 258 AD2d 903, 903-904).

Plaintiff contends with respect to Labor Law § 241 (6) that his work constituted "demolition" within the meaning of that statute.  Plaintiff's contention was raised for the first time in his reply papers, however, and it therefore was not properly before the court (*see New Yorkers for Constitutional Freedoms v New York State Senate*,

___ AD3d ___, ___ [July 6, 2012]; *Watts v Champion Home Bldrs. Co.*, 15 AD3d 850, 851).  In any event, we conclude that plaintiff's contention is without merit.

Exxon contends on its appeal that the court erred in determining that Exxon was not covered by the indemnification agreement between Hughes and Atlanta and thus erred in granting that part of Atlanta's cross motion for summary judgment dismissing the third-party complaint with respect to contractual indemnification.  We reject that contention.  The agreement between Hughes and Atlanta expressly negated any intent to indemnify third-party beneficiaries, including Exxon (*see Mid-Valley Oil Co., Inc. v Hughes Network Sys., Inc.*, 54 AD3d 394, 396, *lv dismissed in part and denied in part* 12 NY3d 881; *see also Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d 783, 786-787).

Entered:  October 5, 2012                        Frances E. Cafarell
                                                 Clerk of the Court