■ EDWARD BODTMAN, Respondent, v LIVING MANOR LOVE, INC., et al., Appellants, et al., Defendant. [963 NYS2d 35]—

Order, Supreme Court, New York County (Louis B. York, J.), entered February 23, 2012, which, insofar as appealed from as limited by the briefs, denied the motion of defendant RM Farm Real Estate Inc. (RM Farm) and the cross motion of defendant Living Manor Love, Inc. (Living Manor) for summary judgment dismissing the Labor Law §§ 240 and 200 and common-law negligence claims as against them, unanimously reversed, on the law, without costs, and the motion and cross motion granted. The Clerk is directed to enter judgment in favor of RM Farm and Living Manor dismissing the complaint as against them.

Dismissal of the Labor Law § 240 (1) claim is warranted since plaintiff's work was outside the scope of activity protected by the statute. Plaintiff testified that on the day of the accident, he was to drill several holes in the roof of a motel in order to attach a temporary sign. After ascending to the motel's roof, but prior to performing such work, plaintiff slipped off the roof and fell to the ground. The record demonstrates that the work plaintiff was to perform would have entailed making only a slight change to the building by drilling a few holes in the roof and did not constitute "altering" for the purposes of Labor Law § 240 (1) (see Munoz v DJZ Realty, LLC, 5 NY3d 747 [2005]; Joblon v Solow, 91 NY2d 457, 465 [1998]; Della Croce v City of New York, 297 AD2d 257 [1st Dept 2002]). Although RM Farm raised this argument for the first time in its reply affirmation in support of its motion, the issue was sufficiently raised by Living Manor in support of its cross motion. Moreover, contrary to the motion court's finding that its prior denial of a motion to dismiss pursuant to CPLR 3211 precluded it from considering this issue, the prior ruling did not constitute law of the case, given the difference in procedural posture (see Moses v Savedoff, 96 AD3d 466, 468 [1st Dept 2012]).

The court also should have dismissed the Labor Law § 200 and common-law negligence claims. The duty of an employer or owner to provide workers with a safe place to work "does not extend to hazards which are part of or inherent in the very work being performed or to those hazards that may be readily

observed by reasonable use of the senses in light of the worker's age, intelligence and experience" (*Bombero v NAB Constr. Corp.*, 10 AD3d 170, 171 [1st Dept 2004] [internal quotation marks omitted]). Here, plaintiff testified that he saw that the metal roof contained corrugated and smooth portions, yet he walked up the smooth part, which he described as dry and free of any foreign substances. His testimony suggests that the accident was caused by the inherently slippery nature of the smooth surface at an incline of approximately 30 degrees. It is also notable that the 59-year-old plaintiff had worked on other roofs in the past, although not this one. Accordingly, since the inherent risk of walking up a smooth portion of the sloped roof rather than walking on one of the visibly corrugated portions was just as apparent to plaintiff as it would have been to defendants, plaintiff could not hold defendants liable based on a theory that defendants had constructive notice of such condition (*see Stephens v Tucker*, 184 AD2d 828, 829-830 [3d Dept 1992]; *see also Eichelbaum v Douglas Elliman, LLC*, 52 AD3d 210 [1st Dept 2008]). Concur—Friedman, J.P., Sweeny, Renwick, Richter and Román, JJ.