■ Joseph Saint et al., Respondents, v Syracuse Supply Company, Appellant. [973 NYS2d 896]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered April 20, 2012. The order, among other things, denied the motion of defendant for summary judgment dismissing the amended complaint.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the amended complaint is dismissed.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries allegedly sustained by Joseph Saint (plaintiff) when he fell from an elevated billboard structure during the course of changing the advertisement thereon. We note at the outset that plaintiffs conceded that they had no viable claim under Labor Law § 200 or common-law negligence, and thus the only remaining Labor Law claims are under sections 240 and 241 (6).

Supreme Court erred in denying the motion of defendant for summary judgment dismissing the amended complaint. We agree with defendant that applying a new advertisement to the face of a billboard does not constitute the "altering" of a building or structure for purposes of section 240 (see Joblon v Solow, 91 NY2d 457, 465 [1998]; see also Bodtman v Living Manor Love, Inc., 105 AD3d 434, 434 [2013]; Zolfaghari v Hughes Network Sys., LLC, 99 AD3d 1234, 1235 [2012], lv denied 20 NY3d 861 [2013]). Rather, that activity is "more akin to cosmetic maintenance or decorative modification," and is thus not an activity protected under section 240 (Munoz v DJZ Realty, LLC, 5 NY3d 747, 748 [2005]). We further agree with defendant that, because plaintiff was not engaged in construction work, section 241 (6) does not apply to this case (see Hatfield v Bridgedale, LLC, 28 AD3d 608, 610 [2006]). Present—Smith, J.P., Peradotto, Carni and Lindley, JJ.