# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**956**

**CA 13-00262**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

JOSEPH SAINT AND SHEILA SAINT,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

SYRACUSE SUPPLY COMPANY, DEFENDANT-APPELLANT.

---

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (BRIAN P. CROSBY OF COUNSEL),
FOR DEFENDANT-APPELLANT.

PAUL WILLIAM BELTZ, P.C., BUFFALO (TIMOTHY M. HUDSON OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Frederick
J. Marshall, J.), entered April 20, 2012. The order, among other
things, denied the motion of defendant for summary judgment dismissing
the amended complaint.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion is granted
and the amended complaint is dismissed.

Memorandum: Plaintiffs commenced this Labor Law and common-law
negligence action seeking damages for injuries allegedly sustained by
Joseph Saint (plaintiff) when he fell from an elevated billboard
structure during the course of changing the advertisement thereon. We
note at the outset that plaintiffs conceded that they had no viable
claim under Labor Law § 200 or common-law negligence, and thus the
only remaining Labor Law claims are under sections 240 and 241 (6).

Supreme Court erred in denying the motion of defendant for
summary judgment dismissing the amended complaint. We agree with
defendant that applying a new advertisement to the face of a billboard
does not constitute the "altering" of a building or structure for
purposes of section 240 (*see Joblon v Solow*, 91 NY2d 457, 465; *see
also Bodtman v Living Manor Love, Inc*., 105 AD3d 434, 434; *Zolfaghari
v Hughes Network Sys., LLC*, 99 AD3d 1234, 1235, *lv denied* 20 NY3d
861). Rather, that activity is "more akin to cosmetic maintenance or
decorative modification," and is thus not an activity protected under
section 240 (*Munoz v DJZ Realty, LLC*, 5 NY3d 747, 748). We further
agree with defendant that, because plaintiff was not engaged in
construction work, section 241 (6) does not apply to this case (*see*

*Hatfield v Bridgedale, LLC*, 28 AD3d 608, 610).