# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

216

CA 13-01407

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

ROBERT GIVAN AND DEBORAH LEAVITT, DOING
BUSINESS AS SWIMWEAR ON THE GO,
PLAINTIFFS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

ROBERT A. MAKIN AND BETH A. MAKIN,
DEFENDANTS-APPELLANTS.

---

CARL R. VAHL, OLEAN, FOR DEFENDANTS-APPELLANTS.

AMIGONE, SANCHEZ & MATTREY, LLP, BUFFALO (ARTHUR G. BAUMEISTER, JR.,
OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Cattaraugus County
(Michael L. Nenno, A.J.), entered April 1, 2013.  The order denied the
motion of defendants to vacate a default judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Defendants appeal from an order denying their motion
to vacate a default judgment entered against them.  We note that
defendants' contention that the default was prematurely entered during
a 30-day stay within which defendants were to obtain new counsel was
raised for the first time in their reply papers in Supreme Court, and
thus that contention was not properly before the court (*see Mikulski v
Battaglia*, 112 AD3d 1355, 1356; *Zolfaghari v Hughes Network Sys., LLC*,
99 AD3d 1234, 1235, *lv denied* 20 NY3d 861; *Dannasch v Bifulco*, 184
AD2d 415, 417).  We reject defendants' further contention that the
court abused its discretion in denying their motion on the grounds
that they failed to offer a reasonable excuse for missing a court
conference and failed to establish a meritorious defense in their
initial motion papers.  "[E]ven assuming that [defendants']
nonappearance at the conference was excusable . . . , [we conclude
that] their belated attempt in reply papers to establish a meritorious
defense was inadequate" (*Contractors Cas. & Sur. Co. v 535 Broadhollow
Realty*, 276 AD2d 737, 738).

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court