Acox v Jeff Petroski & Sons, Inc. (2019 NY Slip Op 03480)





Acox v Jeff Petroski & Sons, Inc.


2019 NY Slip Op 03480


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


87 CA 18-01683

[*1]DONNA ACOX, INDIVIDUALLY AND AS ADMINISTRATOR FOR THE ESTATE OF THOMAS ACOX, DECEASED, PLAINTIFF-RESPONDENT-APPELLANT,
v
JEFF PETROSKI & SONS, INC., DEFENDANT-APPELLANT-RESPONDENT, AND BRIAN SPINK, DEFENDANT-RESPONDENT. 






GOLDBERG SEGALLA LLP, SYRACUSE (WILLIAM J. GREAGAN OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
HANCOCK ESTABROOK, LLP, SYRACUSE (ALAN J. PIERCE OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (JENNIFER L. WANG OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered May 30, 2018. The order and judgment, inter alia, denied the motion of defendant Jeff Petroski & Sons, Inc. for summary judgment dismissing the complaint and all cross claims against it and granted in part the cross motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying plaintiff's cross motion in its entirety and granting in part the motion of defendant Jeff Petroski & Sons, Inc. and dismissing the second and third causes of action, and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiff, individually and as administrator of the estate of Thomas Acox, commenced this Labor Law and common-law negligence action seeking damages related to the death of her husband, Thomas Acox (decedent), who fell through a hole in the first floor of a residence owned by defendant Brian Spink. At the time of the accident, the residence was under construction and defendant Jeff Petroski & Sons, Inc. (P & S) was the general contractor on the project. Decedent had gone to the residence to measure windows as a precursor to the installation of window treatments, and he was alone inside at the time of the accident. The hole, into which a circular staircase was to be constructed, had allegedly been barricaded by scaffolds to prevent access. At the time decedent's body was found, the scaffold closest to the windows had been moved away from the wall, permitting access to two windows.
P & S and Spink separately moved for summary judgment dismissing the complaint against them, and plaintiff cross-moved for partial summary judgment on liability. Now, P & S appeals and plaintiff cross-appeals from the order and judgment that granted in part plaintiff's cross motion and denied the motion of P & S. We conclude that Supreme Court erred in granting that part of plaintiff's cross motion seeking summary judgment on liability on the Labor Law § 240 (1) cause of action and in denying those parts of the motion of P & S seeking summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action.
We agree with P & S that plaintiff is not entitled to summary judgment on liability on the Labor Law § 240 (1) cause of action and that P & S is entitled to summary judgment dismissing that cause of action inasmuch as the work of measuring windows for the future installation of [*2]window treatments is not a protected activity under Labor Law § 240 (1). The work did not involve a "significant physical change to the configuration or composition of the building or structure" (Joblon v Solow, 91 NY2d 457, 465 [1998]; see Wormuth v Freeman Interiors, Ltd., 34 AD3d 1329, 1330 [4th Dept 2006]), was not "performed in the context of the larger construction project" (Amendola v Rheedlen 125th St., LLC, 105 AD3d 426, 427 [1st Dept 2013]), and was not "necessary and incidental to the construction of the home" (Nowak v Kiefer, 256 AD2d 1129, 1130 [4th Dept 1998], lv dismissed in part and denied in part 93 NY2d 887 [1999], rearg dismissed 93 NY2d 1000 [1999]; cf. Martin v Back O'Beyond, 198 AD2d 479, 480 [2d Dept 1993]).
We likewise agree with P & S that it is entitled to summary judgment dismissing the Labor Law § 241 (6) cause of action. The work being performed by decedent was not protected work under Labor Law
§ 241 (6) inasmuch as decedent " was not involved with [any] construction' " (Wormuth, 34 AD3d at 1330; see Fabrizio v City of New York, 306 AD2d 87, 87-88 [1st Dept 2003]), and the window treatment work was separate and "distinct from the construction work" (Amendola, 105 AD3d at 427). We therefore modify the order and judgment by denying plaintiff's cross motion in its entirety, granting in part the motion of P & S, and dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action.
Based on our determination, we do not address the remaining contentions of plaintiff and P & S concerning the Labor Law §§ 240 (1) and 241 (6) causes of action.
With respect to the remaining causes of action or claims for negligence and wrongful death against P & S, we conclude that the court properly denied summary judgment to both plaintiff and P & S. Contrary to their respective contentions, there are triable issues of fact whether decedent's own negligence was a proximate cause or the sole proximate cause of the accident (see generally Acevedo v Camac, 293 AD2d 430, 430-431 [2d Dept 2002]). Moreover, with respect to plaintiff's allegations that decedent's injuries and death occurred as a result of a dangerous condition on the premises, P & S failed to "establish as a matter of law that [it] did not exercise any supervisory control over the general condition of the premises or that [it] neither created nor had actual or constructive notice of the dangerous condition on the premises" (Solecki v Oakwood Cemetery Assn., 158 AD3d 1088, 1089 [4th Dept 2018] [internal quotation marks omitted]; see Ozimek v Holiday Val., Inc., 83 AD3d 1414, 1416 [4th Dept 2011]).
Finally, we reject the contention of P & S that, as a third-party contractor, it owed no duty of care to decedent, who was on the site without P & S's knowledge and at the behest of Spink (see Ragone v Spring Scaffolding, Inc., 46 AD3d 652, 654 [2d Dept 2007]; see also Babiack v Ontario Exteriors, Inc., 106 AD3d 1448, 1450 [4th Dept 2013]; Wade v Bovis Lend Lease LMB, Inc., 102 AD3d 476, 477 [1st Dept 2013]).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court