DeJesus v 935 Bronx Riv. Ave., LLC (2023 NY Slip Op 00948)

DeJesus v 935 Bronx Riv. Ave., LLC

2023 NY Slip Op 00948

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Kapnick, J.P., Oing, Kennedy, Pitt-Burke, JJ. 

Index No. 23807/15E Appeal No. 17379 Case No. 2022-02590 

[*1]Anthony DeJesus et al., Plaintiffs-Appellants,
v
935 Bronx River Avenue, LLC, et al., Defendants-Respondents. Frank Freeman et al., Defendants.

Silverson Pareres & Lombardi LLP, White Plains (Joseph T. Pareres of counsel), for appellants.
Quintairos, Prieto, Wood & Boyer, P.A., New York (Kathleen M. Mulholland of counsel), for 935 Bronx River Avenue, LLC, and All Iron Management, LLC, respondents.
Cascone & Kluepfel, LLP, Farmingdale (Michelle Meiselman of counsel) for M&M Auto Glass Services, LLC, respondent.

Order, Bronx County (Lucindo Suarez, J.), entered on or about May 16, 2022, which, to the extent appealed from as limited by the briefs, granted the motions of defendants M&M Auto Glass Services, LLC d/b/a Four Star Auto Glass, 935 Bronx River Avenue, LLC, and Old Iron Management, LLC for summary judgment dismissing plaintiffs' causes of action pursuant to Labor Law §§ 200, 240(1), and 241(6) and common-law negligence, and denied plaintiffs' cross motion seeking partial summary judgment on their claim pursuant to Labor Law § 241(6), unanimously affirmed, without costs.
The motion court correctly found that plaintiff, an auto salesman who occasionally engaged in property management type duties at the request of his employer's principal, who was also a principal in 935 Bronx River Avenue, LLC and Old Iron Management, LLC, was not a covered person under Labor Law §§ 241(6) or 240(1). The record is clear that plaintiff's employment did not involve him performing construction, alteration, demolition, or similar labor, and the company he worked for did not regularly undertake enumerated duties under the Labor Law (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 883 [2003]; Panek v County of Albany, 99 NY2d 452 [2003]). Furthermore, at the time the accident occurred, plaintiff's employer's principal had directed him only to videotape a premises recently vacated by tenant M&M Auto Glass Services, LLC d/b/a Four Star Auto Glass, and not to perform any tasks concerning the condition of the premises (see Prats at 882; Astrakan v City of New York, 184 AD3d 444 [1st Dept 2020]). In any event, the work being performed by plaintiff at the time of his accident would not constitute demolition or alteration of the premises (see Widawski v 217 Elizabeth St. Corp., 40 AD3d 483 [1st Dept 2007]).
The court should not have dismissed plaintiff's Labor Law § 200 and common-law claims on the ground that he was not engaged in an enumerated activity (see Jock v Fien, 80 NY2d 965 [1992]; Agli v Turner Constr. Co., 246 AD2d 16 [1st Dept 1998]), but those claims nevertheless fail. There is no evidence that any of the defendants knew or should have known that the ceiling component to a truck lift, removed by Jose Equipment Sales and Service, apparently had a live wire within it (see Bednarczyk v Vornado Realty Trust, 63 AD3d 427 [1st Dept 2009]). M&M Auto's manager testified that when he left the premises, the component was completely covered. Plaintiff himself testified that the principal of the premises owner and property manager was out of state during the move. Plaintiff also testified that there were no employees of M&M Auto at the site on the Monday after the lift was removed and testimony to the contrary is from a witness who was unaware that the individuals he named had been terminated by M&M Auto and then hired by defendant Frank Freeman to move materials out of the property. There is also no evidence that any of respondents exercised supervision and control over [*2]the activity causing the injury (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023